/

| | |
|---|---|
| D. Maimon Kirschenbaum (DK-2338) | Richard J. (Rex) Burch* |
| Charles E. Joseph (CJ-9442) | BRUCKNER BURCH PLLC |
| JOSEPH & HERZFELD LLP | 1415 Louisiana, Suite 2125 |
| 757 Third Avenue | Houston, Texas 77002 |
| 25th Floor | Telephone: 713-877-8788 |
| New York, NY 10017 | Facsimile: 713-877-8065 |
| Tel: (212) 688-5640 | * *Admitted Pro Hac Vice* |
| Fax: (212) 688-2548 | |

*Attorneys for Plaintiffs and proposed
collective action and class action members*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

| | |
|---|---|
| CELESTE WILLIAMS, LAUREN CRUZ, EMANUEL O'NEALE, BRANDON STURMAN, LATRESHA HALL, LAKEISHA MITCHELL, CHRISTINE BORBELY and JANINE APONTE on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br><br>                v.<br><br>TWENTY ONES, INC. d/b/a THE 40/40 CLUB, SHAWN CARTER p/k/a JAY-Z, JUAN PEREZ and DESIREE GONZALES<br><br>              Defendants. | **INDEX NO: 07cv3978**<br><br>**SECOND AMENDED COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

-----------------------------------------------------------x

    1.    Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

**JURISDICTION AND VENUE**

    2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

*et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

       3.      Venue is proper in this District because Defendants conduct business in this District, the Corporate Defendants are incorporated and have their principal executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

       4.      Defendant Twenty Ones Inc. is a New York corporation with its principal executive offices in New York, New York. Defendant Twenty Ones Inc. operates The 40/40 Club sports bar located at 6 West 25th Street.

       5.      Defendant Shawn Carter is an owner of The 40/40 Club and, in addition, exercises sufficient control of the day to day operations of The 40/40 Club to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law. For example, Mr. Carter has the power to hire and fire employees, has the power to set – and does in fact set - policies and procedures at The 40/40 Club, is involved in the hiring and/or firing of managerial staff, and/or otherwise has significant operational control over The 40/40 Club. Consistent with his status, Mr. Carter states he is responsible for "creating" The 40/40 Club and refers to it as his "clubhouse."

       6.      Defendant Juan Perez is an owner of The 40/40 Club and, in addition, exercises sufficient control of their day to day operations to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law. For example, Mr. Perez is an officer of Defendant Twenty Ones, Inc. who has the power to hire and fire

employees of The 40/40 Club, has the authority and/or responsibility to set policies and procedures (including personnel policies) at The 40/40 Club, is involved in the hiring and/or firing of managerial staff, and/or has significant operational control over The 40/40 Club.

7.     Defendant Desiree Gonzales is the General Manager of The 40/40 Club and exercises sufficient control of the day to day operations of Plaintiffs to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law. For example, Ms. Gonzales has the power to hire and fire employees at The 40/40 Club, has the authority and/or responsibility to set policies and procedures (including personnel policies) at The 40/40 Club, is involved in the hiring and/or firing of managerial staff, and/or has significant operational control over The 40/40 Club.

8.     All Defendants are hereinafter referred to collectively as Defendants.

9.     Plaintiff Celeste Williams is a New York resident and was employed by Defendants a server within the last three years.

10.    Plaintiff Emanuel O'Neale is a New York resident and was employed by Defendants a server within the last three years.

11.    Plaintiff Lauren Cruz is a New York resident and was employed by Defendants a server within the last three years.

12.    Plaintiff Janine Aponte is a New York resident and was employed by Defendants as a server within the last three years.

13.    Plaintiff Brandon Sturman is a New York resident and was employed by Defendants as a bartender within the last three years.

14. Plaintiff Latresha Hall is a Nevada resident and was employed by Defendants as a server within the last three years.

15. Plaintiff Lakeisha Mitchell is a New York resident and was employed by Defendants as an office worker and as a server within the last three years.

16. Plaintiff Christine Borbely is a New York resident and was employed by Defendants as a bartender within the last three years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants in any hourly position, including but not limited to office workers, waiters, bartenders, runners and/or bussers on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C.

4

216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, Seventh and Eighth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendants in any hourly position, including but not limited to office workers, waiters, bartenders, runners and/or bussers on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

21.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

22.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which

the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than one hundred (100) members of the Class.

23. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense

pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

27.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed or jointly employed Plaintiffs and the Class within the meaning of the New York law.

b) What proof of hours is sufficient where Defendants failed in their duty to maintain accurate time records.

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

d) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

e) Whether Defendants paid Plaintiffs and the Class members their regular rate of pay for all hours worked.

f) Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

g) Whether Defendants failed and/or refused to pay Plaintiffs and the Class premium pay for hours worked in excess of forty per workweek within the meaning of New York law.

h) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

i) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work.

j) What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices

regarding labor budgeting, that affect whether the Class was paid at overtime rates for overtime work.

k) Whether Defendants compensated the Class the premium required under New York law when class members "spread of hours" in a workday exceeded ten hours.

l.) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

m.) Whether Defendants made illegal deductions from Plaintiffs' pay.

## FACTS

28. Defendants committed the following acts knowingly and willfully.

29. Defendants knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiffs and violate federal and/or state laws.

30. Plaintiffs worked for Defendants as servers, office workers, and/or bartenders.

31. Throughout Plaintiffs' employment with Defendants, Defendants failed to pay them the minimum wage for all time worked.

32. Defendants did not and do not maintain accurate records of time worked for hourly employees.

33. Defendants retained portions of Plaintiffs' tips.

34. Plaintiffs often worked more than forty hours per week.

35. Plaintiffs were not paid one and one half their regular rate for hours worked in excess of forty hours per week.

36. Defendants failed to provide Plaintiffs and other hourly employees a "spread of hours" premium for every day in which he worked over 10 hours.

37. Plaintiffs were not paid by Defendants in a timely manner.

38. When a customer walked out of The 40/40 Club without paying the bill, Defendants deducted an amount equal to the customer's bill from Plaintiffs' pay.

39. Defendants deducted substantial amounts from Plaintiffs' pay for breakage, spills and the like.

40. Plaintiffs sustained substantial losses from Defendants' failure to pay them for all hours worked, their illegal retention of tips, and their failure to pay them proper overtime compensation and spread of hours compensation.

41. Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. § 206**
**Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

42. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

43. Plaintiffs are informed and believe and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA.

44. Throughout the statute of limitations period covered by these claims, Defendants were required, but knowingly failed, to promptly pay Plaintiffs the federal minimum wage for each hour worked.

45. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies and/or practices of willfully failing to promptly pay the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.  In addition, Defendants retained a portion of the tips received by Plaintiffs and the other FLSA Collective Plaintiffs in violation of the tip credit provisions of the FLSA.

46. At all relevant times, Defendants willfully failed to make and preserve the accurate records required by the FLSA with respect to Plaintiffs and the other FLSA Collective Plaintiffs.  For example, Defendants failed to maintain records sufficient to the accurately determine the daily hours worked by, and the wages paid to, Plaintiffs and the other FLSA Collective Plaintiffs.

47. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 207**
**Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

48. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

49.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.  Defendants were required to promptly pay overtime wages for all such hours worked.

50.     At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

51.     At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to promptly pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

52.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York Minimum Wage Act and Record-Keeping Requirements, N.Y. Stat. § §**
**190 *et seq.*  and  650 *et seq.*,**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

53.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

54. As they did under federal law, Defendants knowingly and willfully failed to pay Plaintiffs and the Class members the New York minimum wage for all hours worked.

55. Defendants failed to furnish Plaintiffs with accurate records of their wages as required by N.Y. Lab Law § 195 and N.Y. Comp. Code R. & Regs. tit. 12, § 137-2.2.

56. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff sand the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Class)

57. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

58. As it is under federal law, it is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

59. Throughout the Class Period, Defendants willfully failed to pay Plaintiffs and the Class at one and a half times their regular hourly rates for hours worked in excess of forty (40) hours per workweek.

60. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

61. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

62. Plaintiffs and the Class members regularly worked more than 10 hours in a workday.

63. Both state and federal law require employers such as Defendants to maintain the records which would allow Plaintiffs and the Class members to establish this claim.

64. Despite their awareness that Plaintiffs and the Class regularly worked more than 10 hours in a workday, Defendants willfully failed and intentionally failed to compensate Plaintiffs and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

65. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
**(Illegal Pay Deductions and Deductions from Gratuities,**
**N.Y. Lab. L. § § 196-d and 198-b)**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

66. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

67.     Defendants willfully retain portions of Plaintiffs' tips and Class members' tips.

68.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**
**(Illegal Pay Deductions,**
**N.Y. Lab. L. § 193)**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

69.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

70.     Defendants made and continue to make illegal deductions from Plaintiffs' and Class members' pay.

71.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

72.     Plaintiffs do not seek liquidated damages for this claim.

**EIGHTH CLAIM FOR RELIEF**
**(New York Timely Payment of Wages Provisions,**
**N.Y. Lab. L. § § 190 *et seq.*)**
**Brought by Plaintiffs on Behalf of**
**Themselves and the Class)**

73.     Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

74.     As does the FLSA, New York state law requires the prompt payment of wages.

75.     By failing to pay Plaintiffs and the Class their wages owed, Defendants blatantly disregarded their obligation under N.Y. Lab. Law § 191 to pay employees' wages not less frequently than semi-monthly.

76.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other Covered Employees, pray for relief as follows:

- A.    A declaratory judgment that the practices complained of herein are unlawful under FLSA;
- B.    Certification of this action as a collective action brought pursuant to the FLSA § 216(b);
- C.    Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;
- D.    Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;
- E.    Designation of Plaintiffs as representatives of the Class;
- F.    An award of damages, according to proof, including liquidated damages under federal law, to be paid by Defendants;
- G.    Costs of action incurred herein, including expert fees;

  H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and

other applicable statutes;

  I. Pre-Judgment and post-judgment interest, as provided by law; and

  J. Such other and further legal and equitable relief as this Court

deems necessary, just and proper.

Dated: New York, New York   Respectfully submitted,
    May 25, 2007

             **JOSEPH & HERZFELD LLP**
             Charles E. Joseph (CJ-9442)
             757 Third Avenue
             25th Floor
             New York, NY 10017
             Tel: (212) 688-5640
             Fax: (212) 688-2548

             **BRUCKNER BURCH PLLC**

               /s/ Richard J. Burch
             By: _____
               Richard J. (Rex) Burch
               *Admitted Pro Hac Vice*
             1415 Louisiana, Suite 2125
             Houston, Texas 77002
             Telephone: 713-877-8788
             Facsimile: 713-877-8065

             Eric B. Kingsley*
             Kingsley & Kingsley
             16133 Venture Blvd., Suite 1200
             Encino, CA 91436
             Tel. (818) 990-8300
             Fax (818) 990-2903
             * Seeking Admission *Pro Hac Vice*

             *Attorneys for Plaintiffs, proposed collective*
             *action members and proposed class*

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial on all causes of action and claims to which they have a right to a jury trial.