UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

CELESTE WILLIAMS, LAUREN CRUZ,
EMANUEL O'NEALE, BRANDON
STURMAN, LATRESHA HALL,
LAKEISHA MITCHELL, CHRISTINE
BORBELY, JULIE GARIBALDI and
JANINE APONTE, on behalf of themselves
and others similarly situated,

INDEX NO: 07cv3978-LAP

        Plaintiffs,

     v.

TWENTY ONES INCORPORATED d/b/a
THE 40/40 CLUB, SHAWN CARTER p/k/a
JAY-Z, JUAN PEREZ and DESIREE
GONZALES,

        Defendants.

------------------------------------------------------x

### DECLARATION OF LATRESHA HALL

I, LaTresha Hall, under penalty of perjury, affirm as follows:

1.      I am a California resident and a named plaintiff in the above-captioned matter.

2.      I submit this declaration based on personal knowledge unless indicated otherwise.

3.      I was employed as a Server at The 40/40 Club sports bar located at 6 West 25th Street from approximately February through April of 2006.

4.      Throughout my employment at The 40/40 Club, I was not paid the minimum wage for each hour that I worked. Instead, I only received tips. Based on conversations with other employees of The 40/40 Club, including Candy (last name unknown), and what I witnessed, I know that it was the common practice of defendants to not pay its employees who received tips a minimum wage and/or hourly wage for any hours of work.

5.      I never received a paycheck from The 40/40 Club during my employment. Therefore, I did not receive anything which reflected my hours of work, the wages I was

**Exhibit C-4**

supposed to receive, or any withholdings for taxes. Based on conversations with other employees of The 40/40 Club, such as Candy (last name unknown), and what I witnessed, I know this was the common practice of defendants.

6.    During my employment, I regularly worked more than forty hours in a week. However, I was not paid time and a half for hours worked in excess of forty in a week. The 40/40 Club's failure to pay overtime is reflected in the time report attached as Exhibit A. Based on conversations with other employees of The 40/40 Club and what I witnessed, I know it was the common practice of defendants to not pay its employees an overtime premium. For example, I am personally aware that Candy (last name unknown) worked more than 40 hours without being paid overtime at time and a half.

7.    The time report attached as Exhibit A also shows that I worked in excess of ten (10) hours per workday for defendants but I was never paid a "spread of hours" premium. I have personally witnessed other employees working shifts of more than ten (10) hours. Among these employees is Candy (last name unknown). Based on conversations with these employees and what I witnessed, I know it was the common practice of defendants to not pay a "spread of hours" premium for workdays in excess of ten (10) hours.

8.    Attached as Exhibit B are my alleged payroll reports provided by defendants and shown to me by my lawyers. I did not receive any payroll reports or pay checks during my employment at The 40/40 Club. Therefore, I never saw these documents prior to this lawsuit. Moreover, I have no reason to believe that these alleged payroll reports are an accurate reflection of my working hours at The 40/40 Club.

9.    Attached as Exhibit C are my alleged W-2s provided by defendants and shown to me by my attorneys. Throughout my employment at The 40/40 Club, I never received a W-2

and have never seen these documents prior to this lawsuit. Furthermore, I have no reason to believe that these alleged W-2s are an accurate reflection of what I was actually paid in wages.

10.     I believe that portions of my tips were retained by defendants. The 40/40 Club did not provide us with, or require us to fill out, any sort of tip declaration form. Because The 40/40 Club did not provide us with any records establishing the amount of tips I should have received, I have no independent means of verifying these amounts. However, based on the tips given to me by patrons and what was eventually paid to me by defendants, I believe that I did not receive all of my tips due. I know that other employees, including Candy, complained of this practice.

11.     If a patron of The 40/40 Club did not sign their credit card receipt, defendants retained the disputed tip for ninety (90) days. Defendants gave me a copy of this policy, which is attached as Exhibit D.

12.     I was not paid any direct wage by The 40/40 Club. Because The 40/40 Club never paid me any direct wages, I was not paid the wages I was owed in a timely manner. Other employees, including Candy, have reported to me that they were not paid any direct wages by The 40/40 Club. Therefore, I know that it was the common practice of defendants to not pay its employees in a timely manner.

13.     If a patron left The 40/40 Club without paying the bill, defendants would force its employees to pay the bill with his/her own money.

14.     Similarly, The 40/40 Club forced employees to pay for breakages, spills, and the like.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10 day of January, 2008.

Latresha Hall

# EXHIBIT A

```
40/40 NYC                                                                              PAGE:   1
REPORT DATE: 06/14/2007                                              REPORT TIME: 18:59:35.75
----------------------------------------------------------------------------------------------
                    Payroll Report for the period from Tue Mar 21, 2006 to Mon Mar 27, 2006

REG regular   OTW ovt-week   OTD ovt-day   MSC misc pay   SAL salary   ADJ adjustment   DEL deleted punch   * Rate changed in punch
Types of punches not included in regular or overtime calculation:   PADJ prev.period adjustment  HOL holidays  SHDF shift diff.pay
----------------------------------------------------------------------------------------------
HALL, LATRESHA            0741         Department    Job             Tips   Pool Type Hours     Rate        Total
End Date: 04/01/06                     FRONT OF HOUSE SERVER        181.40       REG  38.8833   4.350       169.14
                                                                                OTD  11.9667   0.000         0.00
            Total: 38.8833 regular hours ( 169.14)and 11.9667 overtime hours( 0.00) and 0.0000 other hoursTotal Amt  169.14
                   +--Department------Job-----------Day---Date--Rate---Type-----In----Out---Hrs-+
                   | FRONT OF HOUSE  SERVER       Tue.  3/21  4.350*           5:45p  6:45a 13.00 |
                   |                              Wed.  3/22  4.350            6:45a  6:45a  0.00 |
                   |                              Thu.  3/23  4.350*           5:56p  6:45a 12.82 |
                   |                              Fri.  3/24  4.350*           8:53p  5:28a  8.62 |
                   |                              Sat.  3/25  4.350*           7:57p  5:29a  9.53 |
                   |                              Sun.  3/26  4.350            4:58p 11:51p  6.88 |
                   +----------------------------------------------------------------------------+


***Total wages for selected employees:    169.14
```

**POS** itouch

**CONFIDENTIAL
D04242**

# EXHIBIT B



CONFIDENTIAL
D04389

EMPLOYEE EARNINGS RECORD

FOR CHECKS DATED THROUGH 12/31/06

PAYROLLS BY PAYCHEX.

0020-Y156   TWENTY ONES INCORPORATED

02/22/07

MAIL: LATRESHA

Redacted

# EXHIBIT C

Form W-2 Wage and Tax Statement 2006 | EMPLOYER REFERENCE COPY - DO NOT FILE | 07001

| a Control number 0020-Y156 000499-000100 | | Void | c Employer's name, address, and ZIP code | Department of the Treasury - Internal Revenue Service OMB No. 1545-0008 | |
|---|---|---|---|---|---|
| b Employer's identification number 55-0787351 | d Employer's social security number | | TWENTY ONES INCORPORATED 6 WEST 25TH STREET NEW YORK NY 10010 | 1 Wages, tips, other compensation 2160.75 | 2 Federal income tax withheld 227.19 |
| 13 Statutory employee / Retirement plan / Third-party sick pay | | Subtotal | | 3 Social security wages 456.75 | 4 Social security tax withheld 133.97 |
| * See Instrs. for Box 12 | 14 Other NYSDI 2.40 | | e Employee's name, address, and ZIP code LATRESHA HALL | 5 Medicare wages and tips 2160.75 | 6 Medicare tax withheld 31.33 |
| | | | | 7 Social security tips 1704.00 | 8 Allocated tips |
| | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| | | | | 11 Nonqualified plans | |

| 15 State | Employer's state ID No. | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| NY | 550787351 | 2160.75 | 13.26 | 2160.75 | 48.60 | NY NYC |

DO NOT FILE

Redacted

CONFIDENTIAL
D04390

# EXHIBIT D

**THE 40/40 CLUB POLICY AND PROCEDURE EMPLOYEE UNDERSTANDING**

NAME _Latresha T Hall_

DATE _3/15/06_

POSITION _Server_

# I UNDERSTAND THE FOLLOWING POLICY'S, THEY HAVE BEEN EXPLAINES. WRITEN, READ AND DISCUSSED AT VARIOUS MEETING'S.

1. THERE IS A SIX STEP CREDIT CARD PROCEDURE, IT IS POSTED AND IF NOT FOLLOWED MAY CAUSE MY PAYMENT OF THE FULL AMOUNT OF THE CHECK IN QUESTION.
2. THERE IS ZERO TOLERANCE POLICY FOR DRUG SALE OR USE BY AN EMPLOYEE OR CUSTOMER. ALCOHOL USE BY AN EMPLOYEE, SERVING TO MINORS OR INTOXICATED PATRON'S. THERE ARE PROCEDURES THAT I MUST FOLLOW IF ANY OF THE ZERO TOLERANCE INCIDENTS OCCUR.
3. I MUST BE FLUENT IN ALL MENU ITEMS.
4. I MUST ATTEND WEEKLY MEETINGS.

**CONFIDENTIAL**
**D04231**