# EXHIBIT AA

Rev. 563                FIELD OPERATIONS HANDBOOK - 12/9/88                30d - 30d01

### 30d  TIPS AND TIPPED EMPLOYEES

#### 30d00  General.

(a) A "tipped employee", as defined in section 3(t) of FLSA, is any employee engaged in an occupation in which the individual customarily and regularly receives more than $30.00 a month in tips.

(b) Section 3(m) of FLSA makes clear the intent of Congress to place on the employer the burden of proving the amount of tips received by "tipped employees", and the amount of tip credit, if any, which the employer may claim. Since Sec 3(m) is not an exemption from the MW, but merely allows the employer to claim up to 40 percent of the MW as tip credit, the employer is responsible for ascertaining that the MW provisions are complied with in compensating "tipped employees".

(c) (1) The tip provision applies on an individual employee basis. Thus, an employer may claim the tip credit for some employees even though the employer cannot meet the requirements for others.

(2) In establishments where employees perform a variety of different jobs, an employee's status as one who "customarily and regularly receives tips" will depend on the total fact situation and will be determined on the basis of such employee's activities over the entire w/w.

(d) When an individual is employed in a tipped occupation and a non-tipped occupation (dual jobs), the tip credit is available only for the hours spent in the tipped occupation. Also, such employee must customarily and regularly receive at least $30 a month in tips.

(e) Reg 531.56(e) permits the taking of the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e. maintenance and preparatory or closing activities). For example a waiter/waitress, who spends some time cleaning and setting tables, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing, provided such duties are incidental to the regular duties of the server (waiter/waitress) and are generally assigned to the servers. However, where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.

#### 30d01  Retention of tips by employee.

(a) Pursuant to Sec 3(m), all tips received (i.e., given to or designated for the employee by a patron) by a "tipped employee" must be retained by the employee except to the extent that there is a valid pooling arrangement.

Rev. 563          FIELD OPERATIONS HANDBOOK - 12/9/88          30d01 - 30d02

Thus, the effect of the language of Sec 3(m) precludes an agreement between an employer and a "tipped employee" that any part of tips received by such employee belongs to the employer and must be turned over to the employer. Further, the specific language added to Sec 3(m) reinforces the intent of Congress that an employee who receives $30 per month in tips is a tipped employee and that the employer and employee cannot agree to remove the employee from that status or agree to waive such employee's right to retain all tips received. Such an employee must retain all tips received from customers, whether in cash or through allocation by credit card charges, and in addition must receive remuneration from the employer for at least 60 percent of the applicable MW in the w/w.

(b) Where an employer does not strictly observe the provisions of Sec 3(m), no tip credit may be claimed and the employees are entitled to receive the full cash MW, in addition to any tips they may have received. For example, where an employer does not inform employees of the statutory provision, or pays no wages to employees who receive tips, the full MW in cash is due and no tip credit will be allowed.

(1) Several courts have held that an employer who did not comply with the tip credit provisions of Sec 3(m) was not entitled to take a tip credit on a retroactive basis. For example, an employer who paid no wages (i.e., employees received only tips) was required to pay the full MW to achieve retroactive compliance rather than simply pay 60 percent of the MW as BWs. Similarly, employers who acquired all or a portion of employees' tips were not permitted to take the tip credit and, in addition, were required to restore the tips to the employees.

(2) In the past, in the administrative settlement of investigations which disclosed violations of the tip credit provisions of Sec 3(m), WH permitted employers to achieve retroactive compliance (for example, by restoring tips) and allowed employers to retroactively claim the tip credit. In view of the court decisions, WH will not allow an employer to claim the tip credit on a retroactive basis unless all aspects of Sec 3(m) have been met. (Also see FOH 52n00.)

30d02  Tip credit - SMW.

Special minimum wages authorized under section 14 of FLSA are considered to be the "applicable minimum wage" in determining amounts creditable toward the MW for tips for purposes of Sec 3(m). Thus, for example where an employee is subject to a SMW of $2.85 per hour, the maximum amount creditable on account of tips would be $1.14 per hour (40 percent).

Rev. 563          FIELD OPERATIONS HANDBOOK - 12/9/88          30d03 - 30d04

30d03    _Service charges_.

A compulsory service charge (generally noted on the menu) which is added to a customer's bill is not part of the server's (waiters/waitresses) tip income but, rather, is included with the employer's gross receipts. Therefore, the employer has complete discretion in choosing the manner in which the compulsory service charge is used, which would include using it to pay servers and/or server helpers (busboys/busgirls). Where service charges are imposed and the employees receive no tips, the employer must pay the entire MW and OT required by FLSA. If, in addition to service charge income, the servers receive tips from customers, such tip income may be credited toward the MW in the usual manner.

30d04    _Tip pooling_.

(a) The requirement that an employee must retain all tips does not preclude tip-splitting or pooling arrangements among employees who customarily and regularly receive tips. The following occupations have been recognized as falling within the eligible category:

    (1) waiters/waitresses      (3) counter personnel who serve customers
    (2) bellhops      (4) busboys/girls (server helpers)
                            (5) service bartenders

It is not required that all employees who share in tips must themselves receive tips from customers. The amounts _retained_ by the employees who actually receive the tips, and those given to other pool participants are considered the tips of the individuals who retain them, in applying the provisions of sections 3(m) and 3(t).

(b) A valid tip-pooling arrangement cannot require employees who actually receive tips to contribute a greater percentage of their tips than is customary and reasonable. For enforcement purposes, WH will not question contributions to a pool where the net amount of tips contributed (after return of any tips from the pool) does not exceed 15 percent of the employee's tips. However, _only_ those tips that are in _excess_ of tips used for tip credit (e.g. where the maximum tip credit is taken, those in excess of 40 percent of the MW) may be taken for a pool. If such requirements are met, it is _not_ necessary that the pooling be voluntarily consented to by the employees involved (notwithstanding Reg 531.54).

(c) Tipped employees may not be required to share their tips with employees who have not customarily and regularly participated in tip pooling arrangements. The following employee occupations would therefore not be eligible to participate:

    (1) Janitors      (3) Chefs or cooks
    (2) Dishwashers      (4) Laundry room attendants

However, it does not appear that the Congress, even in requiring as a general principle that tipped employees retain all their tips, intended to prevent tipped employees from deciding, free from any coercion whatever and outside of any formalized arrangement or as a condition of employment, what to do with their tips, including sharing them with whichever co-workers they please. Tips given to such co-workers as are listed in this subsection may not, however, be used as a tip credit.

(d) Questions regarding eligibility of employees to share in tip pooling arrangements, and the percentage of tips that the eligible employees are required to contribute to a pool which cannot be answered on the basis of these guidelines should be submitted thru channels to the AA/OPO for resolution. In the case of host/hostesses, head waiters or seater/greeters and other employees not referred to above, facts should be developed showing the practices regarding their sharing of tips in the locality and type of establishment involved.

30d05  **Tips charged on credit cards**.

(a) Where tips are charged on credit cards, WH will not question the reduction of the credit card tips paid over to the employee if the amount deducted is no greater than the percentage charged by the credit card company. For example, where a credit card company charges an employer 5 percent on all sales charged to its credit service, the employer may pay the employee 95 percent of the tips without violating FLSA.

(b) Payment of both MW and OT compensation, including the charged tips, due a "tipped employee" must ordinarily be made at the regular payday for the w/w, or when the pay period covers more than a single w/w, at the regular payday for the period in which the particular w/w ends (see FOH 30b04). The procedures required to process charges made by customers through credit cards may delay actual receipt of the funds by the employer for one or two months. Nevertheless, the employer is required to pay over the charged tips to the employee on the employee's next regular payday.

(c) In some situations, a credit card transaction is not collected from a credit card company. In such cases, the employer is not required to pay a tipped employee the amount of tips specified on the credit card slip. Of course, this assumes the inability to collect is not a result of the employer's failure to submit the slip for reimbursement, etc.

(d) The employer may recover from a tipped employee the tip amount stated on the uncollected credit card slip if the tip amount has been paid to the tipped employee. This may be accomplished either by payroll deduction or by out-of-pocket reimbursement by the employee to the employer. Regardless of how effectuated, the recovery of the tips should be accurately documented by the employer. However, the amount of uncollected credit card tips which are recovered by the employer must not reduce the tips retained by the tipped employee for the earlier w/w below the claimed tip credit. The amount of tips to be recovered which would cut into the claimed tip credit is unrecoverable by the employer.

Rev. 563          FIELD OPERATIONS HANDBOOK - 12/9/88          30d05 - 30d07

(e) Where there are tip pools, tip pool recipients are responsible for reimbursing the employer for the share of tips from an uncollected credit card transaction which was allocated into the tip pool. The tipped employee who contributed to the tip pool cannot be held accountable for tips which are not in the individual's possession.

30d06 **Comparison of State and Federal tip credit provisions.**

(a) Where FLSA and a State law regulating the amount of tip credit that may be taken by an employer are concurrently applicable, neither law preempts the other. Each law must be applied separately and the provision of the law which requires the higher cash wage payment is the standard that must be complied with in order to determine the legal tip credit that may be taken by the employer. In the following example, the FLSA MW of not less than $3.35 per hour is controlling and the State cash wage requirement of $2.25 per hour must be complied with.

|  | State | Federal |
|---|---|---|
| Minimum wage | $3.00 | $3.35 |
| Tip credit allowable | x .25 | x .40 |
| Tip credit | $0.75 | $1.34* |
|  |  |  |
| Minimum wage | $3.00 | $3.35 |
| Less: tip credit | - .75 | -1.34 |
| Cash wage required | $2.25 | $2.01 |

* Section 3(m) limits the tip credit to no more than 40 percent of the FLSA MW.

(b) The difference between the FLSA MW and the cash wage payment required by State law of $1.10 per hour ($3.35 - $2.25) may be credited toward the tip credit allowed under Federal law, provided that the employee earns not less than $1.10 per hour in tips.

(c) In a situation where a State law requires a MW of $2.50 per hour and forbids any tip credit and the Federal MW is $3.35 per hour, the employer may take a tip credit of 85 cents per hour ($3.35 - $2.50) where the employee earns not less than 85 cents per hour in tips.

(d) In a situation where a State MW is greater than the Federal MW, the tip credit allowable under Sec 3(m) is limited to a maximum of 40 percent of the Federal MW, i.e., $1.34 per hour.

30d07 **Changing amount of tip credit in OT hours.**

(a) An employer may not take a different tip credit during OT hours than is taken during non-OT hours. To so allow would conflict with the purposes of the OT provisions of FLSA.

Rev. 563          FIELD OPERATIONS HANDBOOK - 12/9/88          30d07 - 30d08

(b) For example, in the case of an employee paid the MW, if an employer took no tip credit during the first 40 hours in the w/w but took a full tip credit for the OT hours, the actual cash wage paid by the employer would be $3.69 for the OT hours and would not constitute compliance. This is illustrated by the following example:

| Non-OT Hours | OT Hrs. | Actual OT due |
|---|---|---|
| $3.35 cash | $3.35 (MW) | $3.35 |
| 0.00 tip credit | -1.34 (tip credit) | 1.68 (1/2x3.35) |
| $3.35 | $2.01 (cash wage) | $5.03 |
|  | +1.68 (1/2 T) |  |
|  | $3.69 |  |

(c) Where an employer pays a cash wage to a tipped employee in excess of the amount required by Sec 3(m) and also wishes to claim the full tip credit amount, the employee's regular rate of pay for OT purposes is the sum of the cash wage paid and the tip credit amount claimed. For example, where an employer pays a cash wage of $2.50 per hour and claims a tip credit of $1.34 per hour (40 percent of $3.35) the employee's regular rate of pay is $3.84 per hour and the employee would be due $5.76 per hour for each OT hour worked.

| Non-OT Hours | OT hours |
|---|---|
| $2.50 cash wage paid | $2.50 cash wage paid |
| 1.34 tip credit claimed | 1.34 tip credit claimed |
| $3.84 | 3.84 reg. rate |
|  | 1.92 additional cash due for OT |
|  | $5.76 OT rate of pay |

30d08 **Tips in excess of statutory tip credit may not be credited against uniform purchase and maintenance costs.**

(a) Where, for example, the employer pays $2.01 per hour in cash wages and employees earn $2.00 per hour in tips, then the maximum tip credit is $1.34 per hour (see footnote in FOH 30d06(a)) and, therefore, the employees' R/R is $3.35. Accordingly, the employer may not make any deductions for uniform purchases or maintenance, etc., since tips received by an employee in excess of $1.34 per hour (40 percent of the MW) are not deemed wages for purposes of FLSA.

Rev. 563　　　　　　　FIELD OPERATIONS HANDBOOK - 12/9/88　　　　　　　30d08 - 30d09

(b) On the other hand, where the employer pays $2.50 per hour in cash wages and claims a tip credit of $1.34 per hour and the employees receive not less than $1.34 per hour in tips, the employees' R/R is $3.84 per hour. In such cases, deductions of up to 49 cents per hour ($3.84 - $3.35) may be made for such things as uniform purchases and maintenance without cutting into the required MW. (The employees would still be due $5.76 per hour for each OT hour worked ($3.84 x 1 1/2) (See 30d07(c).)

30d09　IRS tip allocation rules.

Where an employer withholds taxes from a tipped employee based upon a percentage of sales, rather than on reported tips, a reduction in an individual employee's net pay may result, but this is not an FLSA violation. Employees who contact WH alleging over-withholding should be referred to the nearest IRS office.