**JOSEPH & HERZFELD LLP**
D. Maimon Kirschenbaum (DK-2448)
757 3rd Avenue
New York, NY 10017
Telephone: (212) 688-5640

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch (Pro Hac)
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788

**MICHAEL SHEN & ASSOCIATES, PC**
Michael Shen, Esquire
225 Broadway, Suite 2515
New York, NY 10007
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
**CELESTE WILLIAMS, et al.,**

  **and**

**KISHMA PICKERING, et al.**

    **Plaintiffs,**

  **v.**

**TWENTY ONES, INC. d/b/a THE 40/40 CLUB, et al.,**

  **Defendants.**
----------------------------------------------------------x

**INDEX NO. 07-CV-3978**

and

**INDEX NO. 07-CV-4798**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**JURY TRIAL DEMANDED**

**JUDGE PRESKA**

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

MEMORANDUM ........................................................................................................ 1

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ................................................................................................................ 1

PLAINTIFFS HAVE SATISFIED THE REQUIREMENTS FOR CERTIFYING
A COLLECTIVE ACTION AND ORDERING NOTICE. ........................................ 2

    A.  Plaintiffs Have Made The "Modest Factual Showing" Required For
        Conditional Certification. ............................................................................ 2

        1.  Plaintiffs' Factual Showing ................................................................. 3

        2.  The Plaintiffs Are Similarly Situated .................................................. 4

    B.  Defendants' Merits-Based Arguments Are Irrelevant At This Stage. ........... 6

        1.  Plaintiffs Have Sufficiently Alleged FLSA Violations ....................... 6

        2.  Defendants Have Not Credibly Contradicted Plaintiffs'
           Submissions. ......................................................................................... 7

        3.  Defendants' Evidentiary Objections Are Unfounded. ......................... 9

CONCLUSION ............................................................................................................ 10

**TABLE OF AUTHORITIES**

*Asselin v. Waldron*,
No. Civ. 02-330-M,
2004 WL 57083 (D.N.H. Jan. 13, 2004) ...................................................................................6

*Bublitz v. E.I. duPont do Nemours & Company,*
196 F.R.D. 545 (S.D. Iowa 2000)...............................................................................................9

*Chan v. Sung Yue Tung Corporation,*
 03 Civ. 6048 (GEL),
2007 WL 313483 (S.D.N.Y. Feb. 1, 2007)................................................................................3

*Cuzco v. Orion Builders, Inc.*,
477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) ...............................................................................5

*Davis B & S, Inc.*,
38 F. Supp. 2d 707 (N.D. Ind. 1998) ......................................................................................4, 6

*Fasanelli v. Heartland Brewery, Inc.*,
516 F. Supp. 2d 317 (S.D.N.Y. 2007) ..................................................................................6, 10

*Gjurovich v. Emmanuel's Marketplace, Inc.,*
282 F. Supp. 2d 91 (S.D.N.Y. 2003) .........................................................................................1

*Hallissey v. America Online, Inc.*,
No. 99-CIV-3785 (KTD),
2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) ..........................................................................1, 5

*Jenson v. Eveleth Taconite Company,*
139 F.R.D. 657 (D. Minn. 1964) ................................................................................................9

*Krueger v. New York Telephone Company,*
Nos. 93 CIV. 0178-79
1993 WL 276058 (S.D.N.Y. July 21, 1993) ..............................................................................6

*Levy v. Verizon Information Services*,
Nos. 06 CV 1583(NG)(SMG), 06 CV 5056(NG)(SMG),
2007 WL 1747104 (E.D.N.Y. June 11, 2007) .......................................................................5, 6

*Lynch v. United Services Automobile Association,*
491 F. Supp. 2d 357 (S.D.N.Y. 2007) ........................................................................................3

*NLRB v. Robbins Tire & Rubber Company,*
437 U.S. 214 (1978).....................................................................................................................9

*Park v. Seoul Broadcasting System*,
05 CV 8956 BSJ DFE,
2008 WL 619034 (S.D.N.Y. March 06, 2008) ........................................................................3

*Realite v. Ark Restaurants, Corporation,*
7 F. Supp. 2d 303 (S.D.N.Y. 1998) .......................................................................................2

*Shores v. Publix Super Markets, Inc.,*
No. 95-1162-CIV-T-25E,
1996 WL 859985 (M.D. Fla. Nov. 25, 1996) ........................................................................9

*Sobczak v. AWL Industries*,
___ F. Supp. 2d ___,
2007 WL 4934239 (E.D.N.Y. Oct. 22, 2007)........................................................................7

*Trinidad v. Breakaway Courier Systems*,
05 Civ. 4116 (RWS)
2007 WL 103073 (S.D.N.Y. Jan. 12, 2007) ..........................................................................9

*Villatoro v. Kim Son Restaurant, L.P.,*
286 F. Supp. 2d 807 (S.D. Tex. 2003) ................................................................................10

*Zhao v. Benihana, Inc.*,
No. 01 Civ. 1297(KMW),
2001 WL 845000 (S.D.N.Y. May 7, 2001) ..........................................................................7

**FEDERAL STATUTES**

29 U.S.C. § 203 ..........................................................................................................................4

29 U.S.C. §216(b)............................................................................................................. *passim*

Plaintiffs submit this reply memorandum in response to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification ("Opp.") and in further support of their motion for conditional certification ("Mot.").[1]

## PRELIMINARY STATEMENT

Despite their attempts to malign Plaintiffs and their attorneys as liars and extortionists, Defendants have not shown that Plaintiffs fail to meet the lenient standard for obtaining conditional certification and notice. The sole question before the Court on this motion is whether there are persons "similarly situated" to Plaintiffs who would benefit from notice of the action and an opportunity to join. *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003). Plaintiffs have more than met their "minimal" burden on this point by showing that they and the rest of the putative class all were subject to Defendants' policies that violated the FLSA. Defendants' response focuses predominantly on disputing liability and attacking Plaintiffs' credibility. However, Defendants' merits-based arguments are irrelevant to the procedural question of conditional certification posed by this motion. Thus, the Court should grant Plaintiffs' motion.

## ARGUMENT

**PLAINTIFFS HAVE SATISFIED THE REQUIREMENTS FOR CERTIFYING A COLLECTIVE ACTION AND ORDERING NOTICE.**

Plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated.*" *Hallissey v. America Online, Inc.*, No. 99-CIV-3785 (KTD), 2008 WL 465112 (S.D.N.Y. Feb. 19,

---

[1] To assist the Court in considering their motion, Plaintiffs submit herewith, the Affirmation of D. Maimon Kirschenbaum, dated March 14, 2008 ("Kirschenbaum Aff.") and exhibits.

2008) (citation omitted) (original emphasis).  Plaintiffs have sufficiently met this lenient standard.

### A. Plaintiffs Have Made The "Modest Factual Showing" Required For Conditional Certification.

Plaintiffs allege that Defendants deprived them and the other putative plaintiffs of both regular pay and overtime pay in a variety of ways.[2]  Plaintiffs allege that Defendants violated the FLSA by (1) shaving time off all employees' hours in order to pay fewer regular wages as well as to avoid paying overtime and (2) paying straight pay for overtime hours.  Plaintiffs also allege that tipped employees worked for tips only and did not receive any base pay at all.  Additionally, Defendants had a distinct policy and practice of retaining portions of tips from their tipped employees by charging servers for (1) breaks and spills, (2) customers who walked out without paying their bills and (3) credit card customers who left without signing their receipts.

Even in their wholly merits-based response disclaiming liability, Defendants have failed to turn over adequate or accurate records of Plaintiffs' hours.  In fact, Defendants turned over only 2 payroll records both of which for the month of February 2008.  Defendants still have not produced paychecks for the Plaintiffs.  Defendants' failure to keep adequate records of their employees' hours and provide Plaintiffs their paychecks

---

[2] The fact that Plaintiffs allege that Defendants violated the FLSA in a variety of ways does not automatically defeat Section 216(b) certification. *See, e.g., Realite v. Ark Restaurants Corp.,* 7 F. Supp. 2d 303, 304 (S.D.N.Y. 1998) (granting cert where defendants were alleged to have engaged in "widespread and multi-faceted scheme to avoid paying minimum wages and overtime pay" including, *inter alia,* paying workers "shift rate" or "weekly rate" regardless of the number of hours actually worked, failing to pay overtime pay, requiring employees to work "off the clock" with no compensation, and failing to keep adequate records).

itself violates the FLSA.[3]  Moreover, the paltry records Defendants have produced support Plaintiffs' claims of widespread and systematic time shaving and improper pay for overtime.  (Kirschenbaum Aff. ¶¶5-7 & Ex. A)

### 1. Plaintiffs' Factual Showing.

Plaintiffs have supported their allegations in the Second Amended Complaint with the declarations of ten individuals.  Additionally, twelve other employees have opted into the lawsuit, for a total of twenty-two opt-ins.[4]  The substantial number of "opt-in" plaintiffs alone belies Defendants' suggestion that the wage violations were not systemic at the Club.  *See Lynch v. United Services Automobile Association,* 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007) (filed consents of additional opt-in plaintiffs is evidence of existence of putative class warranting certification and notice).

As set forth in Plaintiffs' moving papers, eight declarants testify that Defendants charged their servers for walk-outs.  (Mot. 8-9 & nn.10-13)  The same eight declarants

---

[3] *See Chan v. Sung Yue Tung Corp.,* 2007 WL 313483, at *24 (S.D.N.Y. Feb. 21, 2007) ("Specifically, employers must maintain and preserve, for each tipped employee, records of, inter alia, (1) the total daily and weekly hours worked; (2) the regular hourly rates of pay for each week in which overtime compensation is due; (3) the total daily and weekly earnings; (4) the total wages paid; (5) the total weekly premium pay for overtime hours; (6) the weekly or monthly amounts of tips received by employees; (7) the amount by which the wages of each tipped employee have been deemed increased by tips; and (8) the hours worked and total payment for both tipped and non-tipped work.").  Even outside of the lenient standard of 216(b), courts refuse to penalize plaintiffs where their employers failed to keep accurate records.  *See Park v. Seoul Broad. Sys.***,** 05 CV 8956 BSJ DFE, 2008 WL 619034 (S.D.N.Y. March 06, 2008) ("[W]hen an employer fails to maintain adequate or accurate records under the FLSA, 'an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'") (quoting *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946)).

[4] Defendants incorrectly contend that "[t]here are currently only ten opt-in plaintiffs."  (Opp. at 2 n.3)  Also, while Defendants claim that "[f]our named and three opt-in plaintiffs have withdrawn their consents (Opp. at 2 n.3), they submitted only six withdrawal forms to their opposition papers.

3

testify that they did not receive any direct wage at all from Defendants and learned from other employees that, as a rule, Defendants did not pay any direct wages to their employees who earned tips. (Mot. 7 & n.9) Further, ten declarants testify that Defendants did not properly compensate them for overtime hours. (Mot. 10-11 & nn. 22-24) Even Defendants' own records produced during discovery bear out the fact that the Club did not pay overtime properly. (Kirschenbaum Aff. ¶¶5-9, 11 & Exs. A-I) Six declarants also testify that Defendants required their servers to pay for breakages and spills. (Mot. 9 & nn. 14-15)

Failure to pay for hours worked and failure to provide overtime pay for hours in excess of 40 per week are classic violations of the FLSA. (Mot. 3-4) Moreover, that practice applies to all Club employees clearly making them similarly situated. *See, e.g., Mascol*, 387 F.Supp.2d at 96. Defendants' retention of tips from their tipped employees while simultaneously relying on the tip-credit also is a plain violation of the FLSA. (Mot. 3)[5]

### 2. The Plaintiffs Are Similarly Situated.

Defendants object that the disparate claims made by class members are too individualized to warrant collective action treatment. (Opp. 10) However, by that logic, every defendant could overcome any wage and hour collective action simply by violating the FLSA in a multitude of ways that many of its employees will have been the subject of specific violations that others did not suffer.[6]

---

[5] *See also Davis B & S, Inc.,* 38 F. Supp. 2d 707 (N.D. Ind. 1998) (29 U.S.C. § 203 precludes any agreement between an employer and a tipped employee that any part of tips received by an employee must be turned over to the employer).

[6] Tips deducted for credit card problems (Gillette Dep. 51, 59, 98-99, 102; Pownall Dep. 44; Raz Dep. 64-67; Sturman Dep. 127-129, 133, 138, 161-164; Williams Dep. 67); tips

4

Regardless of whether each and every server personally was injured by each and every of Defendants' violations, Defendants' policies applied to all of them making them similarly situated for purposes of this motion. While this may ultimately create differences in the amount of damages each Plaintiff may recover, there's no such thing as an FLSA case without individual damages. *See Hallissey*, 2008 WL 465112 at *2 (employees' unique circumstances affecting amount of individual damages "do[] not necessarily create dissimilarity under the FLSA").

Nor should the fact that the putative class includes tipped and non-tipped employees defeat conditional certification. While Defendants' tip-retention policies did not affect their non-tipped employees, all Club employees were subject to Defendants' illegal policy of time shaving and failure to pay overtime wages. (*See e.g.,* Miller Decl. ¶4 & Ex. A; Linares Decl. ¶4 & Ex. A) Defendants' illegal policies were uniformly administered to every putative member of the proposed classes, thus making them similarly situated. At the very least, Plaintiffs have identified "a group of workers who were subject to some of the same workplace requirements and parameters as [the plaintiff]." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007). The Court always has the option of creating subclasses once discovery has been completed. *Levy v. Verizon Information Services Inc.*, Nos. 06 CV 1583(NG)(SMG), 06 CV 5056(NG)(SMG), 2007 WL 1747104, *3 (E.D.N.Y. June 11, 2007); *Realite,* 7 F. Supp. 2d at 308.

---

deducted for breakages and spills (Gillette Dep. 104, 106; Pownall Dep. 46; Raz Dep. 67-69; Sturman Dep. 139) paychecks not distributed (Gillette Dep. 77-79, 83, 87-89; Pownall Dep. 9, 19, 83-84; Raz Dep. 37-38, 42, 46; Sturman Dep. 85, 100-102, 113, 119, 143; Williams Dep. 55, 59-61).

### B. Defendants' Merits-Based Arguments Are Irrelevant At This Stage.

Defendants devote virtually their entire response to disputing Plaintiffs' version of the facts, attempting to discredit Plaintiffs and disparaging Plaintiffs' counsel. Defendants further complain that Plaintiffs "have not demonstrated a violation of the FLSA."[7] (*E.g.*, Opp. 12-13, 14-15) As such, Defendants' response amounts to nothing more than an improper attack on the merits of Plaintiffs' claims. *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("To the extent that Defendants opposition relies on a detailed factual dispute about whether the Defendants maintain an "illegal off-the clock" policy, "illegal tip retention" policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case."). "[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out *not* to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case." *Kreuger v. New York Tele. Co.,* Nos. 93 CIV. 0178-79, 1993 WL 276058, *2 (S.D.N.Y. July 21, 1993).

### 1. Plaintiffs Have Sufficiently Alleged FLSA Violations.

At this stage of the case, Plaintiffs are not required to "establish" FLSA violations. *See Levy*, 2007 WL 1747104 at *3 ("At this conditional certification stage, the focus of the inquiry "is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b)

---

[7] Defendants' attempt to impose a higher standard is largely based on summary judgment cases from outside this District. *See, e.g., Asselin v. Waldron*, No. Civ. 02-330-M, 2004 WL 57083 (D.N.H. Jan. 13, 2004) (on a motion to strike affidavits on summary judgment, disregarding certain paragraphs "because they are not specific enough to create a triable issue") (Opp. at 9); *Davis*, 38 F. Supp. 2d at 714 ("[A] party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment.") (Opp. at 14).

with respect to their allegations that the law has been violated.").[8]  If Defendants had any valid arguments that the Second Amended Complaint failed to state a claim, they should have made a motion to dismiss.  Defendants did not take such action because Plaintiffs' submissions clearly allege FLSA violations.

### 2. Defendants Have Not Credibly Contradicted Plaintiffs' Submissions.

Even when, in opposition to a motion for conditional certification, the defendant asserts facts that contradict the movant's contentions, that is not sufficient to preclude certification of collective action status.  *See Zhao v. Benihana, Inc.*, No. 01 Civ. 1297(KMW)**,** 2001 WL 845000, *2 (S.D.N.Y. May 7, 2001) (granting certification where "plaintiff's allegations and supporting affidavits 'successfully engage defendant's affidavits to the contrary'") (citation omitted).[9]

Here, Defendants' submissions do not credibly contradict Plaintiffs' assertions. For example, the declarants all testified that the 40/40 Club did not give them direct pay or present them with a paycheck for every week worked.  Nothing in Defendants' submissions or the deposition testimony refutes that.[10]  Defendants proffer the facetious

---

[8] *See also Hallissey*, 2008 WL 465112 at *2 ("The proper inquiry in a § 216(b) determination is whether plaintiffs are similarly situated *with respect to their allegations that the law has been violated."*) (citation omitted) (original emphasis); *Sobczak v. AWL Indus.*, __ F. Supp. 2d __, 2007 WL 4934239, *6 (E.D.N.Y. Oct. 22, 2007) ("Courts do not require a named plaintiff to show an actual FLSA violation, but rather that a "factual nexus" exists between the plaintiff's situation and the situation of other potential plaintiffs.").

[9] *Accord Cranney v. Carriage Servs.,* No. 2:07cv-1587-RLH-PAL, 2008 WL 608639, *5 (D. Nev. Feb. 29, 2008) ("While Defendants submit substantial briefing and competing declarations that currently create several disputed issues of law and fact, the Court believes that by permitting collective action notification and discovery, it will be better able to evaluate the Parties' contradictory claims.").

[10] *See* Gillette Dep. 77-79, 83, 87-89; Pownall Dep. 9, 19, 83-84; Raz Dep. 37-38, 42, 46; Sturman Dep. 85, 100-102, 113, 119, 143; Williams Dep. 55, 59-61.

7

defense that unbeknownst to Plaintiffs, they were in fact paid, but every single week, each and every tipped employee's entire hourly wage was paid to the IRS as withholding taxes. Taking this implausible argument even further, Defendants insist that it is Plaintiffs' burden to prove the falsity of this statement before they can proceed, despite the fact that Defendants have not produced a single "zeroed out" or other weekly paycheck evidencing that any server was ever paid any amount, be it directly to the Plaintiff or to the IRS.  (Kirschenbaum Aff. ¶3)

In lieu of facts, Defendants attempt to throw up a smokescreen by attacking the credibility of some of the declarants. However, upon closer review, it is readily apparent that the issues raised by Defendants have little or no bearing on this motion. The most egregious example of this is Defendants' assertion that "Pownall and Raz . . . both acknowledged that they received a W-2" despite statements to the contrary in their declarations. (Opp. 7-8) However, the most important point regarding the W-2s – that Defendants seek to obscure – is that all the declarants stood by their statements that Defendants never gave them a W-2 until after the start of this litigation.[11] Moreover, Defendants have not offered any evidence whatsoever that they in fact sent any of the Plaintiffs or other Club employees a W-2 before this litigation began.

Similarly, despite Defendants' contention that any errors they committed were inadvertent and the result of "payroll complexities (Opp. at 1, 4), the only pay records included in Defendants' opposition papers are two for the month of February of this year. Meanwhile, the pay records Defendants submitted in discovery show numerous discrepancies between hours worked and hours paid with respect to each of the Plaintiffs.

---

[11] Gillette Dep. 92; Pownall Dep. 10-11, 21, 86; Raz Dep. 55, 63; Sturman Dep. 105; Williams Dep. 55.

(Kirschenbaum Aff. ¶6-8 & Ex. A-I)  Those discrepancies are not explained away by the Club's 6:45 am automatic clock-out (*see* Opp. at 4).  (Kirschenbaum Aff. ¶¶9-10)

Moreover, the declarations submitted by Defendants – all from current employees – should be put into proper perspective.  Courts have long recognized that statements gathered by employers from current employees are inherently coercive.  *See, e.g.*, *Jenson v. Eveleth Taconite Co.,* 139 F.R.D. 657, 664 (D. Minn. 1991) (discounting credibility of affidavits offered by corporate defendant's current employees).[12]  More importantly there is a record of Defendants using coercive tactics.  Mr. Linares, whose first language is Spanish and who does not read English, states that Defendants coerced him into signing a release of his FLSA claims and misrepresented what he was signing.  (Linares Decl. ¶¶5-12)  In addition, Defendant Desiree Gonzales specifically threatened in substance to "ruin [Mr. Sturman's] tax life" because of his participation in this lawsuit.  (Sturman Dep.109-10)

### 3. Defendants' Evidentiary Objections Are Unfounded.

Defendants object to portions of Plaintiffs' declarations as "inadmissible hearsay, or conclusory allegations."  (Opp. at 8)  Recently, however, this Court specifically rejected these same objections, noting that "the initial class certification determination must be made on preliminary documents such as pleadings and affidavits, which

---

[12] *See also Shores v. Publix Super Markets, Inc.,* No. 95-1162-CIV-T-25E, 1996 WL 859985, *4 (M.D. Fla. Nov. 25, 1996) (court was "highly suspicious" of class member declarations taken by employer via ex parte communication that occurred in workplace); *Bublitz v. E.I. duPont do Nemours & Co.,* 196 F.R.D. 545, 547 (S.D. Iowa 2000) ("[T]he at-will employer-employee relationship between Defendants and the putative class members produces a strong potential for coercion."). *See also NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 240 (1978) ("The danger of witness intimidation is particularly acute with respect to current employees . . . over whom the employer . . . may exercise intense leverage."). *Cf. Trinidad v. Breakaway Courier Sys.*, 05 Civ. 4116 (RWS), 2007 WL 103073, *9 (S.D.N.Y. Jan. 12, 2007) (noting a fear of reprisals on the part of current employees).

9

necessarily contain unproven allegations." *Fasanelli*, 516 F. Supp. 2d at 321-22. Similarly, one court has found that the plaintiff's statements based on his conversations with other employees, were admissible under Federal Rule of Evidence 807 because they were "statements by agents or servants of [employer] concerning a matter within the scope of the agency or employment made during the employees' employment" and that admitting such statements "for the limited purpose of deciding if notice under a FLSA collective action procedure is appropriate" serves the general purposes of the Federal Rules of Evidence. *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 810 n.8 (S.D. Tex. 2003).

## **CONCLUSION**

Because Plaintiffs have sufficiently carried their light burden of making a modest factual showing that they are similarly situated, the Court should grant their motion for conditional certification and notice.

Dated:  March 14, 2008			Respectfully submitted for all Plaintiffs' counsel,


					JOSEPH & HERZFELD LLP
					BRUCKNER BURCH PLLC

					By: /s/ D. Maimon Kirschenbaum
					      Diane Hester (DH-4337)
					      D. Maimon Kirschenbaum (DK-2338)
					      Richard J. (Rex) Burch
					      *Admitted Pro Hac Vice*

					Charles E. Joseph (CJ-9442)
					Brian Fredericks (BF-1873)
					JOSEPH & HERZFELD LLP
					757 Third Avenue
					25th Floor
					New York, NY 10017
					Tel: (212) 688-5640
					Fax: (212) 688-2548

					BRUCKNER BURCH PLLC
					1415 Louisiana, Suite 2125
					Houston, Texas 77002
					Telephone: 713-877-8788
					Facsimile: 713-877-8065

					*Attorneys for Plaintiffs, proposed collective
					action members and proposed class*

11