**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x   **INDEX NO. 07-CV-3978**
**CELESTE WILLIAMS, et al.,**

    **and**                                              and

                                                          **INDEX NO. 07-CV-4798**
**KISHMA PICKERING, et al.**

        **Plaintiffs,**                         **JUDGE PRESKA**

    **v.**

**TWENTY ONES, INC. d/b/a THE 40/40**
**CLUB, et al.,**


        **Defendants.**
--------------------------------------------------------x

## AFFIRMATION OF D. MAIMON KIRSCHENBAUM

D. Maimon Kirschenbaum, under penalty of perjury, deposes and says:

1.    I am an attorney for Plaintiffs, and I make this affirmation in support of Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Conditional Certification.

2.    The end of this affirmation contains a list of Exhibits submitted in support of Plaintiffs Reply Memorandum of Law.

3.    Defendants have not produced a single "zeroed out" or other weekly paycheck establishing that any tipped-employee was ever regularly paid any amount, be it directly to the Plaintiff or to the IRS.[1]

---

[1] The evidence and paystubs produced by the non-tipped employees establish that when the 40/40 Club did in fact, compensate its employees, there were paystubs that would reflect such payments.

4.      The only evidence produced by Defendants to establish that Plaintiffs were compensated properly are payroll summary reports of questionable authenticity (as Defendants produced no corresponding paystubs.)

5.      Attached as Exhibit A is a spreadsheet created by Plaintiffs' counsel, based on Defendants' production, reflecting the amount of time certain Plaintiffs[2] spent clocked-in for specific weeks and what Defendants allegedly paid them for these weeks. The documents relied upon for this spreadsheet are attached hereto as Exhibits B through H, as noted below.

6.      The column labeled "Hours Worked" is the amount of time Plaintiffs spent clocked-in for a particular pay period.  The column labeled "Hours Paid" is the amount of time Defendants allegedly paid these plaintiffs during the same period.  The column labeled "Amount Shorted" is the difference between the two columns, i.e., the amount of time Plaintiffs spent clocked-in versus what Defendants allegedly paid them for the particular pay period.

7.      This analysis illustrates that even if Defendants did compensate Plaintiffs for the amounts reflected in the payroll reports, Defendants systematically paid Plaintiffs significantly less than they were owed based on their clocked-in time.

8.      The evidence presented illustrates that the lion's share of time discrepancies are not the result of adjustments Defendants made to Plaintiffs clocked-in

---

[2] Plaintiffs' spreadsheet is incomplete to the extent that Plaintiffs have not received sufficient documentation to cover *all* of the time worked by *all* of the plaintiffs.  Defendants did not produce payroll summary reports for Plaintiffs Tasha Denham, Janine Aponte, Craig Cochran, Brandon Sturman and Celeste Williams.

time for days on which Plaintiffs forgo to clock-out and were automatically clocked-out at 6:45 a.m., as illustrated below.

9. Many of the systematic time reductions occurred on weeks where the Plaintiffs did not have a single 6:45 clock-out on their time report. For example, during the period of 6/12/06-6/25/06, Anita Gillette's time cards do not show any automatic clock-outs but her payroll report was missing 42.2 hours of clocked-in time. Similarly, Alex Masotta was shorted 17.71 hours for the period of 3/7/06-3/20/06, while Plaintiff Therese Raz was shorted 10.62 hours for the period of 1/29/07-2/4/07.

10. Defendants have not provided any information regarding how they calculated how much time was reduced as a result of the employee's alleged failure to clock-out. However, for instances in which there were 6:45 clock-outs, the time reduction was simply too large to have been the result of an accidental failure to clock out.[3]

11. Other payroll inconsistencies also cast doubt on the authenticity and/or accuracy of Defendants' records. Attached hereto as Exhibit I are Celeste Williams' electronics sales journal (bates-number D04546-D04549) and accompanying time card (bates-number D04554). Ms. Williams' electronic sales journal shows that she was clocked-in on 12/17, 12/24, 12/25, 12/29, 12/30 and 12/31, but none of this time is reflected on her time card.

---

[3] Anita Gillette was shorted 30.08 hours for the period of 5/29/06-6/11/06 but her time records show only one 6:45 clock-out.

12.     Moreover, Defendants produced no evidence that Defendants' timekeeping records include weekly staff meetings that all servers and bartenders were required to attend.[4]

13.     Attached hereto as Exhibit B are true and correct copies of the time cards and payroll summary report of Jenna Davis.

14.     Attached hereto as Exhibit C are true and correct copies of the time cards and payroll summary report of Julie Garibaldi.

15.     Attached hereto as Exhibit D are true and correct copies of the time cards and payroll summary report of Anita Gillette.

16.     Attached hereto as Exhibit E are true and correct copies of the time cards and payroll summary report of Alex Masotta.

17.     Attached hereto as Exhibit F are true and correct copies of the time cards and payroll summary report of Christopher Pownall.

18.     Attached hereto as Exhibit G are true and correct copies of the time cards and payroll summary report of Therese Raz.

19.     Attached hereto as Exhibit H are true and correct copies of the time cards and payroll summary report of Jennifer Schelhorn.

20.     Attached hereto as Exhibit I are true and correct copies of the electronic sales journal (bates-number D04546-D04549) and time card (bates-number D04554) of Celeste Williams.

21.     Attached hereto as Exhibit J is a true and correct copy of the Declaration of Miguel Linares (following Mr. Linares Declaration, which is in Spanish, is a version translated into English).

---

[4] Raz Dep. 23; Sturman Dep. 65; and Pownall Dep. 56-57.

22. Attached hereto as Exhibit K is a true and correct copy of the Declaration of Nadia Miller.

23. Attached hereto as Exhibit L is a true and correct copy of excerpts from the deposition of Anita Gillette.

24. Attached hereto as Exhibit M is a true and correct copy of excerpts from the deposition of Christopher Pownall.

25. Attached hereto as Exhibit N is a true and correct copy of excerpts from the deposition of Therese Raz.

26. Attached hereto as Exhibit O is a true and correct copy of excepts from the deposition of Brandon Sturman.

27. Attached hereto as Exhibit P is a true and correct copy of excepts from the deposition of Celeste Williams.

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: New York, New York
March 14, 2008

_____
Maimon Kirschenbaum