UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
CELESTE WILLIAMS on behalf of      :   07 Civ 3978 (LAP)
herself and others similarly       :
situated,                          :   ORDER
                                   :
            Plaintiff,             :
                                   :
     vs.                           :
                                   :
TWENTY ONES, INCORPORATED d/b/a    :
THE 40/40 CLUB, SHAWN CARTER p/k/a :
JAY-Z, JUAN PEREZ and DESIREE      :
GONZALEZ,                          :
                                   :
            Defendants.            :
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/08

LORETTA A. PRESKA, U.S.D.J.

This action is brought under the Fair Labor Standards Act ("FLSA") and New York law alleging that Defendants did not pay the Plaintiffs wages required by federal law. Plaintiffs move for an order conditionally certifying this suit as a collective action and for court-authorized notice to potential opt-in plaintiffs pursuant to 29 U.S.C. § 216(b).

## EVIDENCE OF FLSA VIOLATIONS

According to the Second Amended Complaint ("Compl.") (07 Civ 3978 dkt. no. 35), Defendant Twenty Ones, Inc. does business as The 40/40 Club (the "Club"), a sports bar and lounge in Manhattan. Defendants Carter and Perez own the club (See 07 Civ. 4798 Answer (dkt. no. 11 at ¶¶ 8-9)), and

Defendant Gonzalez is the Club's Manager. (Compl. ¶ 7.) The named plaintiffs are various employees of the club, including office workers,[1] waiters, bartenders, runners, and bussers, within the last three years. Since the lawsuit was filed, eighteen other employees have consented to become plaintiffs in the action. (See dkt. nos. 2-12, 13-19, 21.)

Plaintiffs allege that Defendants violated the FLSA in multiple ways. First, eight employees allege that the club did not pay certain employees a direct wage, allowing them to earn only tips. (See e.g., Garibaldi Decl. ¶¶ 4, 12.)[2] Second, the same eight employees allege that the Club unlawfully (a) charged its servers for customers who left the Club without paying for their bill (See, e.g., Gillete Decl., Ex. F (employment training quiz)); (b) charged its servers for breakages and spills (See, e.g., Gillete Decl. ¶ 14); (c) withheld tips when customers failed to sign the receipt (See, e.g., Garibaldi Decl. ¶ 11; Ex. D). And

---

[1] Plaintiffs in a separate action (No. 07 Civ. 4798) allege that they were receptionists for the defendants but withdrew the lawsuit shortly before this order issued. The other employees are all plaintiffs under the initial action, No. 07 Civ. 3978.

[2] "Garibaldi Decl." refers to dkt. no. 39-6. Plaintiff Garibaldi's allegations are echoed by Anita Gillete, Latresha Hall, Alex Masotta, Christopher Pownall, Therese Raz, Brandom Sturman, Celeste Williams. See dkt. nos. 39-5; 39-7 through 39-14.

third, ten plaintiffs allege that they were not compensated properly for overtime hours. (See, e.g., Garibaldi Decl. ¶ 6.)

The record contains corroborating evidence of the allegations. For example, the Employee Earnings Report produced by defendants for Sheron Branch shows that she was paid at the regular hourly rate for hours in excess of forty in a single week. (See Pls.' Mem., Ex. D.)[3] A payroll report for Garibaldi likewise shows that overtime hours were paid at the regular rate. (See Garibaldi Decl., Ex. A.)

## DISCUSSION

The Court adopts the legal standard set forth in Damassia v. Duane Reade, Inc., No. 04 Civ. 8819, 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) for making this limited "preliminary determination" as to whether potential opt-in plaintiffs are sufficiently "similarly situated" to the named plaintiffs to justify certifying this case as a collective action under the FLSA, Section 216(b).

Plaintiffs' burden at this stage of the litigation is "minimal" and "very lenient." The inquiry is simply whether the plaintiffs have made a "modest factual showing" that

---

[3] "Pls.' Mem." refers to Plaintiffs' Motion for Conditional Certification and Brief in Support (dkt. no. 39).

- 3 -

these named plaintiffs and the other potential plaintiffs were "victims of a common policy or plan violating FLSA." Plaintiffs have more than carried this burden. The affidavits in the record are themselves probably sufficient. However, the documentary evidence of the Club's not paying proper overtime wages and charging the staff for "walk outs" makes proceeding by way of a collective action particularly appropriate here.

Defendants' objections to proceeding this way are unpersuasive. First, their objections to the reliability of the affidavits are entirely fact-intensive, merits-based arguments. It may very well be true that very few Club employees lost wages due to, for example, the "walk out" or "breakage" policies alleged in the Complaint (see Def.'s Mem. at 6). However, the Court will be better equipped at that time to assess the force of this argument after discovery has been completed, during the second, "more heightened" stage of FLSA scrutiny. The Court will also be better equipped at that time to assess the validity of Defendants' claim that the affidavits in the record are either inaccurate or not based on personal knowledge.

Second, Defendants' argument that the Plaintiffs have failed to demonstrate a common policy or practice is also entirely a merits-based argument. As Defendants themselves

note, whether to certify a class or not rests in the discretion of the Court, which must decide whether a collective action preserves judicial resources. Once again, in light of the documentary evidence of the club's underpaying its employees and training its staff that they were responsible for non-paying customers, the Plaintiffs here can hardly be said to be relying on "unsupported assertions of widespread violations." (See Defs.' Mem. at 9.)

Therefore, Plaintiffs' motion for conditional cerrtification and court-authorized notice (dkt. no. 39) is granted. The parties shall confer regarding the content of the proposed notice to be circulated and report back to the Court within one week of the date hereof.

SO ORDERED:

Dated:    New York, New York
          June **29**, 2008

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.