USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

CELESTE WILLIAMS on behalf of herself and others similarly situated,

        Plaintiffs,

v.

TWENTY ONES, INC. d/b/a THE 40/40 CLUB, SHAWN CARTER p/k/a JAY-Z, JUAN PEREZ and DESIREE GONZALEZ,

        Defendants.

------------------------------------------------------X

07 CV 3978 (LAP)

ORDER

LORETTA A. PRESKA, United States District Judge:

Having reviewed counsel's recent correspondence (attached), it is hereby ordered that:

1. Defendants' request that the Court delay circulation of the opt-in notice pending disposition of the motion to dismiss is denied;

2. Defendants' request that Defendant Desiree Gonzalez's contact information be included in the opt-in notice is denied; and

3. The opt-in notice may reference Plaintiffs' claim that Defendants charged servers for walk-outs, breakage and the like.

SO ORDERED:

Dated: July 8, 2008

                                                      _____
                                                      LORETTA A. PRESKA, U.S.D.J

orderwilliams78

LAW OFFICES OF
# BRUCKNER BURCH PLLC
A PROFESSIONAL LIMITED LIABILITY CORPORATION
1415 LOUISIANA STREET, SUITE 2125
Houston, Texas 77002
(713) 877-8788 Telephone
(713) 877-8065 Telecopier

July 7, 2008

Honorable Loretta A. Preska                    *Via Facsimile (212) 805-7941*
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    RE: *Williams, et al., v. Twenty Ones, Inc., et al.*, Case No. 07-CV-3978

Dear Judge Preska:

    We write in response to Defendants' letter of July 2, 2008. Defendants request the Court delay the mailing of the opt-in notices on the grounds that Plaintiffs' counsel communicated improperly with the media regarding this lawsuit. Plaintiffs respectfully request the Court deny Defendants' request.

    To begin, Plaintiffs' counsel had no improper communications with the press. Given Mr. Carter's celebrity status and his heavy promotion of his nightclub,[1] it is hardly surprising that the press referenced Mr. Carter along with The 40/40 Club when reporting on this case. Indeed, it is hard to find any material in the press referencing The 40/40 Club without also referencing Mr. Carter. Nonetheless, Defendants claim "plaintiffs' counsel have consistently used Jay-Z's name for personal aggrandizement and publicity."

    Despite their accusation, Defendants fail to provide a single example of Plaintiffs using Jay-Z's name for any improper purpose (or even referencing Mr. Carter's status as an individual defendant).[2] To be sure, when called about the Court's ruling, Plaintiffs' counsel did not mention or allude to Mr. Carter directly or indirectly. This is evident from the quotes attributed to Mr. Kirschenbaum in the media materials cited by Defendants.

---

[1]   *See* Exhibit A, "About us" page from the4040club.com

[2]   Plaintiffs offered to dismiss Mr. Carter and Mr. Perez in exchange for their promise to cover any portion of a monetary judgment that remaining Defendants could not pay. In response, Defense counsel suggested that – as two of the largest shareholders – Mr. Carter and Mr. Perez were already liable for these deficiencies under New York Business Corporation Law § 630. Nonetheless, Defendants did not agree to Plaintiffs' proposal. Thus, Mr. Carter and Mr. Perez remain defendants.

Notably, Defendants also communicated with the press regarding this lawsuit. For example, Defendants stated that: "The club is not settling this lawsuit because they are innocent,"[3] and "They did nothing wrong, and ... the club is innocent."[4]

As the Court is aware, Defendants' lawyers conceded in open court that The 40/40 Club violated some aspects of the applicable wage and hour laws (though claiming the violations were unintentional). Given Defendants' own payroll records, defense counsel could not have denied this fact. *See* Doc. 47. Thus, Defendants' claim that The 40/40 Club is "innocent" is demonstrably false. Nonetheless, Plaintiffs do not seek to restrain Defendants' statements to the press.

At any rate, Defendants' request to delay the notice pending a ruling on their motion to dismiss makes little sense. By agreement, the notice does not mention Mr. Carter or Mr. Perez. Regardless of whether Defendants prevail on their motion to dismiss, the notice will not mention Mr. Carter or Mr. Perez. Therefore, and to avoid the running of the statute of limitations, notice should not be delayed.

Defendants also request permission to communicate directly with putative class members concerning this case outside the context of the Court approved notice. Defendants' request should be denied. First, Defendants have cited no benefit to be gained by Defendants' direct communications with putative class members concerning this lawsuit. The notice to be sent putative class members will discuss the various details of this case and the legal consequences of joining and/or not joining the lawsuit.

Second, Ms. Gonzales has already attempted to interfere with the collective action process. For example, Ms. Gonzales told one class member (Miguel Linares) that she would "lock him up" if he did not sign a general release. Mr. Gonzales also told Plaintiff Brandon Sturman she would "fuck up his tax life" because of his involvement in this lawsuit. Further, Ms. Gonzales' actions have resulted in four questionable "withdrawal forms" from opt-in plaintiffs. *See Bowens v. Atlantic Maintenance Corp.*, No.06CV809(NG), 2008 WL 704319, at *19 (E.D.N.Y. Mar. 14, 2008) (a defendant's involvement in the withdrawal of claims by opt-in plaintiffs can "indicate an attempt to circumvent the FLSA and the objectives of class actions by "picking off" putative plaintiffs."); *Belt v. Emcare, Inc.*, 299 F.Supp.2d 664, 668 (E.D.Tex. 2003) ("where the absent class member and the defendant are involved in an ongoing business relationship, such as employer-employee, any communications are more likely to be coercive.") (*citing Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985)).

Except as discussed below, the parties have agreed to a notice to be mailed to potential class members. To the extent Defendants wish to communicate their views about the case, they have done so by negotiating the terms of the notice. Therefore, during the opt-in period, Plaintiffs respectfully suggest communications with potential class members should be limited to

---

[3]   *See* Exhibit B, www.nypost.com/seven/07022008/news/regionalnews/judge_raps_jay_z_club_in_lawsuit_118168.htm.
[4]   *See* Exhibit C, www.thecelebritycafe.com/features/17738.html.

- 2 -

the form of the notice approved by the Court. *See* Exhibit D, *Nelson v. American Standard, Inc.*, Case No. 2:07-CV-10 (E.D. Tex. June 13, 2008).

In this regard, Plaintiffs attach a copy of their proposed notice. *See* Exhibit E. Based on our conversations with Mr. Marks, we believe the only remaining disputes are (1) whether the notice should provide individual defendant Desiree Gonzales' contact information, and (2) whether the notice should reference Plaintiffs' claim that Defendants charged servers for walk-outs, breakage and the like. Defendants have offered no legal precedent or common-sense reason for the inclusion of Defendants' contact information in an opt-in notice. Further, as stated above, Ms. Gonzales has engaged in improper communications with putative class members.

Plaintiffs believe the allegations regarding charges for walk-outs and breakages are properly included in the notice. These allegations: (a) are in the Complaint, (b) would cover any opt-in plaintiff joining in this action; and (c) were identified by the Court as making a collective action "particularly appropriate." *See* Doc. 47, p. 2 & 4. Accordingly, we respectfully request the Court approve the attached notice.

Thank you for your consideration of these matters.

Very truly yours,

Richard J. (Rex) Burch

RJB:tbh

cc:   Drew Marks
      Sara Sheinkin
      Maimon Kirschenbaum