**JOSEPH & HERZFELD LLP**
D. Maimon Kirschenbaum (DK-2448)
Charles Joseph (CJ-9442)
757 3rd Avenue
New York, NY 10017
Telephone: (212) 688-5640

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch (Pro Hac)
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**CELESTE WILLIAMS, et al.,**                     **INDEX NO. 07-CV-3978**

       **Plaintiffs,**

       **v.**                                                          **FLSA COLLECTIVE ACTION**
                                                                     **AND RULE 23 CLASS ACTION**

**TWENTY ONES, INC. d/b/a THE 40/40**
**CLUB, et al.,**                                                       **JURY TRIAL DEMANDED**

       **Defendants.**                                      **JUDGE PRESKA**
-----------------------------------------------------------x


**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

1. SUMMARY & BACKGROUND. ...................................................................................................1

II. THE STANDARDS. ......................................................................................................................2

    A. Standard for Dismissal Under 12(b)(6). ...............................................................................2
    B. The Employer Standard Under the FLSA and NYLL. .........................................................2
    C. The Standards for Exercising Supplemental Jurisdiction. ....................................................4

III. ARGUMENT. ................................................................................................................................5

    A. As Defendants Have Already Conceded, Plaintiffs Have Stated a Claim Against Messrs. Carter and Perez. ....................................................................................................................5
    B. Plaintiffs' State and Federal Claims Arise from A Common Nucleus of Operative Facts. ......6
        1. *The Facts Necessary to Determine Plaintiffs' Spread of Hours Claim Will Be Decided in the FLSA Case.* ................................................................................................................. 7
        2. *Taking an Employee's Tips is Illegal Both State and Federal Law.* ......................................... 8
        3. *Both State and Federal Law Prohibit Illegal Deductions from Wages.* ................................... 8
        4. *Both the NYLL and the FLSA Require Timely Payment.* ......................................................... 9
    C. The Court Should Exercise Supplemental Jurisdiction. ............................................................9
        1. *Plaintiffs' State Law Claims Are Neither Novel Nor Complex.* ............................................... 9
        2. *Plaintiffs' State Law Claims Will Not Predominate Over the FLSA Claims.* ........................ 10
        3. *"Inherent Incompatibility" Is An "Imaginary Legal Doctrine."* ........................................... 11
        4. *Given the Overlap in the Substance of Plaintiffs' State and Federal Claims, There is Little Danger of Jury Confusion.* ................................................................................................. 13

IV. CONCLUSION. ..........................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328 (2nd Cir. 2006) .............................. 4, 8

*Akwesi v. Uptown Lube & C/W, Inc.*, 2007 WL 4326732 (S.D.N.Y. Nov. 30, 2007) .............. 8, 10

*Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001) ................ 6, 7, 12, 13

*Ansoumana v. Gristede's Operating Corp.*, 255 F.Supp.2d 184 (S.D.N.Y. 2003) ......................... 6

*Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007). ....................................................................... 2

*Boykin v. KeyCorp*, 521 F.3d 202 (2nd Cir. 2008) ......................................................................... 2

*Bravo v. Eastpoint Int'l, Inc.*, 2001 WL 314622 (S.D.N.Y. March 30, 2001) ............................... 6

*Campos v. Lemay*, 2007 WL 1344344 (S.D.N.Y. May 7, 2007) ................................................... 8

*Cannon v. Douglas Elliman LLC*, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ......................... 6

*Chan v. Sung Tue Tung Corp.,* 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007) ............................... 6, 9

*Chan v. Triple 8, Inc.*, 2004 WL 111299 (S.D.N.Y. May 24, 2004) ................................. 2, 4, 5, 6

*Damassia v. Duane Reade*, -- F.R.D. --, 2008 WL 2201469 (S.D.N.Y. May 27, 2008) .... 7, 10, 12

*Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528 (5th Cir. 1982) .................................................. 3

*Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202 (S.D.N.Y. 2007) ....................................... 6, 8

*Espinosa v. Delgado Travel Agency, Inc.*, 2007 WL 656271 (S.D.N.Y. March 2, 2007) .............. 9

*Franklin v. Breton Intern., Inc.*, 2006 WL 3591949 (S.D.N.Y. Dec. 11, 2006) ............................ 9

*Gardner v. Western Beef Properties, Inc.*, 2008 WL 2446681 (S.D.N.Y. June 17, 2008) ............. 7

*Gonzales v. Nicholas Zito Racing Stable, Inc.*, 2008 WL 941643 (E.D.N.Y. March 31, 2008) .... 9

*Guzman v. VLM, Inc.*, 2008 WL 597186 (March 2, 2008) ........................................................... 7

*Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999) ............................................ 3

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ............................ 7, 10

*In re Bristol-Myers Squibb Deriv. Litig.*, 2007 WL 959081 (March 20, 2007) ............................. 4

*Jankowski v. Castaldi*, 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006) ............................................. 6

*Jiao v. Shi Ya Chen*, 2007 WL 4944767 (S.D.N.Y. March 30, 2007) ........................................... 4

*Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229 (2nd Cir. 2007) ....................................... 2

*Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416 (D.C.Cir. 2006) ............................... 10

*Lynch v. United States Auto. Assoc.*, 2007 WL 3355506 (S.D.N.Y. Nov. 8, 2007) ................. 7, 11

*Lyon v. Whisman*, 45 F.3d 758 (3rd Cir. 1995) .................................................................... 4

*Osby v. Citigroup, Inc.*, 2008 WL 2074102 (W.D.Mo. May 14, 2008) ......................................... 7

*Ouedraogo v. Durso Associates, Inc.*, 2005 WL 1423308 (S.D.N.Y. June 16, 2005) .................. 7

*Perez v. Jasper Trading, Inc.*, 2007 WL 4441062 (E.D.N.Y. Dec. 17, 2007) ............................... 9

*Promisel v. First American Artificial Flowers*, 943 F.2d 251 (2nd Cir.1991) ................................ 4

*Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126 (2nd Cir. 2007) ................................. 2, 4

*Rice v. Interactive Learning Systems, Inc.*, 2007 WL 2325202 (N.D. Tex. Aug. 10, 2007) .......... 2

*Rogers v. City of Troy, NY*, 148 F.3d 52 (2nd Cir. 1998) ............................................................. 9, 10

*Smellie v. Mount Sinai Hosp.*, 2004 WL 2725124 (S.D.N.Y. Nov. 29, 2004). ............................... 9

*Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, at *11 (S.D.N.Y. Sept. 28, 2006) ...... 7

*U.S. v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir.1960) .................................... 9

*U.S. v. Rosenwasser*, 323 U.S. 360 (1945) ................................................................................ 3

*Vosatka v. Columbia University*, 2005 WL 2044857 (S.D.N.Y. Aug. 25, 2005) ........................... 4

*Vysovky v. Glassman,* 2007 WL 3130562 (S.D.N.Y. Oct. 23, 2007) ....................................... 8, 10

*Westerfield v. Washington Mut. Bank*, 2007 WL 2162989 (E.D.N.Y. July 26, 2007) ............ 7, 12

*Zheng v. Liberty Apparel Company, Inc.*, 355 F.3d 61 (2nd Cir. 2003) ......................................... 3

*Zhong v. August August Corp.*, 498 F.Supp. 625 (S.D.N.Y. 2007) ............................................... 2

**Statutes**

28 U.S.C. § 1367 ........................................................................................................................... 4

29 U.S.C. § 203(d) ........................................................................................................................ 3

29 U.S.C. § 203(m) ....................................................................................................................... 8

29 U.S.C. § 206 ............................................................................................................................. 2

29 U.S.C. 207(a) ........................................................................................................................... 2

NYLL § 196 .................................................................................................................................. 8

NYLL § 198-b ............................................................................................................................... 8

**Regulations**

12 NYCRR 142.24 ........................................................................................................................ 7

29 C.F.R. § 516.2(a) ................................................................................................................... 11

29 C.F.R. § 516.28 ..................................................................................................................... 11

29 C.F.R. § 531.35 ....................................................................................................................... 8

**Rules**

Fed.R.Civ.Pro. 12(b)(6) ................................................................................................ 1, 2, 6

**1.   SUMMARY & BACKGROUND.**

Plaintiffs sued Defendants Twenty-Ones, Inc., Shawn Carter, Juan Perez and Desiree Gonzales-Perez (collectively, the nightclub or Defendants) for failing to pay wages as required by state and federal law.  In response, the nightclub filed a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) claiming: (1) Plaintiffs failed to state a cause of action against two of its owners (Messrs. Carter and Perez) and that (2) the Court lacked, or should decline, jurisdiction over Plaintiffs' state law wage claims.  After a hearing with the Court, Plaintiffs filed an amended complaint.  *See* Doc. 35.

"Plaintiffs' amended complaint addressed the first, but not the second, issued raised by Defendants' motion."  *See* Doc. 38, Endorsed Letter from Sara Sheinkin (attached as Exhibit A).  Thus, the nightclub's "motion to dismiss Plaintiffs' state law claims" remained pending.  *Id.*  However, the parties agreed the motion to dismiss would be deferred until after "the issue of conditional certification of Plaintiffs' federal law claims [was] resolved."  *Id.*

On June 24, 2008, the Court granted Plaintiffs' Motion for Conditional Certification.  Immediately thereafter, the nightclub requested the Court rule on its motion to dismiss.[1]  In accordance with the Court's direction, the parties agreed to a schedule for the motion to dismiss: Defendants' motion would be deemed submitted on June 24th, Plaintiffs would respond on July 9th, and Defendants would reply on July 16th.  As set forth below, the motion to dismiss should be denied.

---

[1]   Last week, the nightclub claimed it "sought the Court's decision on defendants' motion to dismiss the claims against Shawn Carter … and Juan Perez before ruling on plaintiffs' motion for conditional certification."  *See* Exhibit B, 7/2/2008 Letter from Andrew Marks to Judge Preska.  However, the nightclub conceded this aspect of its motion to dismiss and agreed the Court should address conditional certification first.  *See* Doc. 38.

1

**II.    THE STANDARDS.**

    **A.    Standard for Dismissal Under 12(b)(6).**

To survive a motion under FRCP 12(b)(6), a complaint need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007). This "plausibility" standard does not require "detailed factual allegations" or "heightened fact pleading of specifics." *Id.*, at 1964 & 1973-74; *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2nd Cir. 2008). The question is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence in support of her claims. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 237 (2nd Cir. 2007).

The court must construe the complaint liberally, accept all factual allegations as true, and draw all reasonable inference in the plaintiff's favor. *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2nd Cir. 2007). Further, allegations which refer to "defendants" are read to "apply to all defendants" including individual defendants. *Chan v. Triple 8, Inc.*, 2004 WL 111299, at *2 (S.D.N.Y. May 24, 2004); *Rice v. Interactive Learning Systems, Inc.*, 2007 WL 2325202, at *2 (N.D. Tex. Aug. 10, 2007) (where plaintiff's FLSA complaint defined "defendants" to include both a corporation and individual defendant, an allegation made against "defendants" is asserted against both defendants). If the allegations and inferences are sufficient to bring a plaintiff's claim above a "speculative level," the motion to dismiss should be denied.

    **B.    The Employer Standard Under the FLSA and NYLL.**

A plaintiff seeking unpaid wages under the FLSA must establish the defendant was her "employer." *See* 29 U.S.C. § 206(a) & 207(a)(1); *Zhong v. August August Corp.*, 498 F.Supp. 625, 628 (S.D.N.Y. 2007). The FLSA defines "employer" broadly to include anyone "acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. §

203(d).  *U.S. v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (The FLSA contains "the broadest definition that has even been included in any one act.") (*quoting* 81 Con.Rec. 7657).[2]

Employer "status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees." *See Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999).  "Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control 'do[ ] not diminish the significance of its existence.'"  *Id. citing Donovan v. Janitorial Servs., Inc.*, 672 F.2d 528, 531 (5th Cir. 1982).  In fact, "an entity can be a joint employer under the FLSA even when it does not hire and fire its joint employees, directly dictate their hours, [maintain their employment records] or pay them." *See Zheng v. Liberty Apparel Company, Inc.*, 355 F.3d 61, 69-71 (2nd Cir. 2003).

In evaluating employer status, "the overarching concern is whether the alleged employer possessed the *power* to control the workers in question."  *RSR Sec. Servs.*, 172 F.3d at 139 (emphasis added).  Focusing on the *existence* – as opposed to the *exercise* - of a right to control makes perfect sense because the FLSA broad concept of employment was designed "to assign responsibility to [entities] that did not directly supervise putative employees." *Antenor v. D & S Farms*, 88 F.3d 925, 933 (11th Cir. 1996); *Zheng*, 355 F.3d at 69-71.  Otherwise, employers could avoid their responsibilities under the FLSA by simply abdicating them.  Therefore, "where a corporation is a worker's nominal employer, individual officers or directors of that corporation may also be deemed employers under the FLSA where the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, *or* determines employees' salaries and makes hiring decisions." *Jiao v. Shi Ya*

---

[2]   The FLSA's concept of employment applies equally to claims under the NYLL.  *Ansoumana v. Gristedes Operating Corp.,* 255 F.Supp.2d. 184 (S.D.N.Y.2003).

3

*Chen*, 2007 WL 4944767, at *10 (S.D.N.Y. March 30, 2007) (emphasis added, citations omitted).

      **C.    The Standards for Exercising Supplemental Jurisdiction.**

Where original jurisdiction exists, federal courts also have "supplemental jurisdiction over all other claims that are so related to the claims in the action … that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact[s]." *See, e.g., Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 335 (2nd Cir. 2006). "When the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious and federal courts routinely exercise supplemental jurisdiction over the state law claims." *Lyon v. Whisman*, 45 F.3d 758, 761 (3rd Cir. 1995); *see also Reddington,* 511 F.3d at 131-2 (district court "undoubtedly" had jurisdiction over plaintiff's "factually related" state law employment claims).[3]

Under such circumstances, requiring "separate federal and state cases to litigate these claims would be wasteful and foolish." *See Chan,* 2004 WL 1161299 at *3 (S.D.N.Y. May 24, 2004) (exercising supplemental jurisdiction over state law wage claims in FLSA case). Therefore, while a "federal court's exercise of pendent jurisdiction over plaintiff's state law claims, while not automatic, is a favored and normal course of action." *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 254 (2nd Cir.1991). The Court has, and should exercise, supplemental jurisdiction.

---

[3]     *In re Bristol-Myers Squibb Deriv. Litig*., 2007 WL 959081, at *5 (March 20, 2007) (Preska, J.) (supplemental jurisdiction exists where "the [state law] claims asserted … arise from the same factual circumstances and are related to the federal … law claims asserted"); *Vosatka v. Columbia University*, 2005 WL 2044857, at n. 24 (S.D.N.Y. Aug. 25, 2005) (Preska, J.) (exercising supplemental jurisdiction over plaintiff's state law disability discrimination claim even though New York's definition of "disability" is broader than federal law).

**III.   ARGUMENT.**

    **A.   As Defendants Have Already Conceded, Plaintiffs Have Stated a Claim Against Messrs. Carter and Perez.**

On January 10, 2008, the nightclub's attorneys admitted to the Court that Plaintiffs' amended complaint addressed the issues raised in the motion to dismiss the claims against Messrs. Carter and Perez.  *See* Exhibit A (Doc. 38), 1/20/2008 Letter from S. Sheinkin to Judge Preska.  The nightclub expressly distinguished this aspect of its motion to dismiss from its request to dismiss Plaintiffs' state law claims on jurisdictional grounds.  *Id.*  Specifically, the nightclub stated that *unlike* the motion to dismiss the claims against Mr. Carter and Mr. Perez, the nightclub's "motion to dismiss Plaintiffs' state law claims is … still pending."  *Id.*  Despite its current desire to crawfish, the nightclub was right to make this concession.

Plaintiffs allege Merrs. Carter and Perez: (1) own The 40/40 Club; (2) have the power to hire and/or fire employees; (3) have the power and/or responsibility for setting policies and procedures at The 40/40 Club; (4) are involved in the hiring and/or firing of management personnel; and (5) exercise significant operational control over The 40/40 Club.  *See* Doc. 35, at ¶¶ 5-6.[4]  Further, Plaintiffs allege that all defendants: (1) employed the plaintiffs; (2) implemented policies which violate the FLSA and the NYLL; (3) failed to pay the minimum wages and overtime required by state and federal law; (4) retained a portion of their tips; (5) failed to maintain and provide accurate wage records; (6) failed to pay Plaintiffs on time.  *See, e.g., id.*, at ¶¶ 8-18, 28-41, 43-46, 49–51, 54-55, 58-60, 62-64.  These allegations, taken as true, unequivocally state a claim against defendants Carter and Perez.  *See, e.g., Chan*, 2004 WL

---

[4] Notably, Plaintiffs make essentially the same allegations against Desiree Gonzales whose presence as an individual defendant has never been challenged.

5

111299, at *2; *see also, Ansoumana v. Gristede's Operating Corp.*, 255 F.Supp.2d 184, 192-193 (S.D.N.Y. 2003).

The cases cited by the nightclub are not to the contrary. Indeed, most of defendant's cases deal with motions for summary judgment or decisions made post-trial, not motions under Rule 12(b)(6). *See, e.g., Chan v. Sung Tue Tung Corp.,* 2007 WL 313483 (S.D.N.Y. Feb. 1, 2007) (post-trial decision); *Jankowski v. Castaldi*, 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006) (summary judgment decision). In fact, the defendants in *Sung Tue Tung* filed – and lost – a motion under Rule 12(b)(6). *Chan*, 2004 WL 111299, at *2. However, even in *Bravo v. Eastpoint Int'l, Inc.* (which dealt with a motion under 12(b)(6)), the Court noted that allegations showing an individual had the "power" to control the workers are sufficient to state a claim under the FLSA. *Bravo v. Eastpoint Int'l, Inc.*, 2001 WL 314622, at *2 (S.D.N.Y. March 30, 2001).[5] Therefore, setting aside the nightclub's prior concession and applying its authorities yields the same result: Plaintiffs have stated a claim against Messrs. Carter and Perez.[6]

### B.   Plaintiffs' State Law and FLSA Claims Arise from the Same Common Nucleus of Operative Facts.

Federal "courts in the Second Circuit routinely certify class action[s] in FLSA matters so that New York State and federal wage and hour claims are considered together." *See Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202, 204 (S.D.N.Y. 2007) (exercising supplemental

---

[5] *Cannon v. Douglas Elliman LLC*, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007), is also distinguishable. In that case, nothing suggested that the employer's joint venture partners had the power to control the working conditions of the employer. In contrast, Plaintiffs specifically allege such facts. *See* Doc. 35,

[6] In a footnote, Defendants suggested their argument regarding Mr. Carter and Mr. Perez's employer status as being "akin to a motion for lack of subject matter jurisdiction[.]" *See* Doc. 26-2, n. 2. However, because the existence of employment relationship is an element of plaintiffs' FLSA claim, the Court should "assume that jurisdiction is established and determine whether the allegations of the complaint are sufficient to withstand a motion to dismiss under Rule 12(b)(6)." *See, e.g., Heckert v. 2495 McCall Road Corp.*, 2008 WL 508079, * 4 (M.D. Fla. Feb. 21, 2008). Further, it would be inappropriate to convert the nightclub's into a motion for summary judgment given that Defendants previously represented to Plaintiffs and the Court that this issue had been "addressed" (Doc. 38) and no discovery has been taken on this issue.

6

jurisdiction over plaintiffs' claims under the NYLL).[7]  The nightclub nonetheless asserts this Court lacks jurisdiction over Plaintiffs' state law claims, relying exclusively on cases from other circuits.  *See* Doc. 26.2, p. 6-8.  Such out of circuit authority is "particularly unpersuasive in light of the unambiguous precedent in this district[.]"  *Iglesias-Mendoza,* 239 F.R.D. at 374 .  Perhaps even more to the point, this Court has jurisdiction over Plaintiffs' state law claims because they arise from a common nucleus of operative facts.

> 1.   *The Facts Necessary to Determine Plaintiffs' Spread of Hours Claim Will Be Decided in the FLSA Case.*

Defendants' first complaint is with Plaintiffs' "spread of hours" claim under New York law.  Under New York law, an employer must pay an employee who works more than 10 hours in a day an additional hour's pay at the applicable minimum wage.  12 NYCRR 142.24.  Defendants suggest the Court lacks the authority to adjudicate this claims because to do so "would require a detailed review of all working hours and payments made to plaintiffs on a daily basis."  *See* Ds' Memo Re MTD, p. 7.  The nightclub's argument is nonsensical.

Plaintiffs' minimum wage and overtime claims "will require, by necessity, evidence of the hours worked daily, thus establishing, for any day worked, the number of hours worked[.]" *See Lynch v. United States Auto. Assoc.*, 2007 WL 3355506, at * 4 (S.D.N.Y. Nov. 8, 2007) (rejecting defendant's request to decline supplemental jurisdiction over plaintiffs' daily overtime claim under California state law).  "Therefore, the number of hours worked daily [for purposes

---

[7]   *See also Gardner v. Western Beef Properties, Inc.*, 2008 WL 2446681 (S.D.N.Y. June 17, 2008); *Damassia v. Duane Reade*, -- F.R.D. --, 2008 WL 2201469 (S.D.N.Y. May 27, 2008); *Guzman v. VLM, Inc.*, 2008 WL 597186 (March 2, 2008); *Westerfield v. Washington Mut. Bank*, 2007 WL 2162989, * 3 (E.D.N.Y.  July 26, 2007); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 374 (S.D.N.Y. 2007);  *Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, at *11 (S.D.N.Y. Sept. 28, 2006); *Ouedraogo v. Durso Associates, Inc*., 2005 WL 1423308, at *2 (S.D.N.Y. June 16, 2005); *see also Osby v. Citigroup, Inc.*, 2008 WL 2074102, at n. 2 (W.D.Mo. May 14, 2008) ("District court cases permitting FLSA collective actions to proceed simultaneously with Rule 23 state actions are legion.").

7

of Plaintiffs' "spread of hours" claim] is directly relevant to the number of hours worked weekly under FLSA." *Id.* As a result, supplemental jurisdiction is appropriately exercised over Plaintiffs' fifth cause of action. *Id.*; *Campos v. Lemay*, 2007 WL 1344344, at *1 (S.D.N.Y. May 7, 2007) (where plaintiffs alleged FLSA claims, court had supplemental jurisdiction over plaintiffs' state law "spread of hours" claim).

### 2. *Taking an Employee's Tips is Illegal Both State and Federal Law.*

Plaintiffs allege the nightclub took a portion of their tips. *See* Doc. 35, at ¶ 33, 40, 45 & 67. Taking an employee's tips violates both state and federal law. *See* NYLL §§ 196-d & 198-b; 29 U.S.C. § 203(m). Accordingly, it is "obvious" that these claims arise from a common nucleus of operative facts. Indeed, courts routinely exercise supplemental jurisdiction over the state law claims in similar FLSA actions. *See Duchene*, 244 F.R.D. at 202-204;

### 3. *Both State and Federal Law Prohibit Illegal Deductions from Wages.*

Defendants improperly deducted normal business costs (*e.g.*, walkouts) from their employees' pay. *See, e.g.,* Doc. 35, at ¶¶ 38-39. Such deductions (or kickbacks) are improper under both the New York Labor Law and the FLSA. *See, e.g.,* NYLL §§ 193 & 198-b; 29 C.F.R. § 531.35. Thus, the claims for illegal deductions implicate both federal and state law and the common nucleus of operative facts is obvious. *Akwesi v. Uptown Lube & C/W, Inc.*, 2007 WL 4326732, at *5 (S.D.N.Y. Nov. 30, 2007); *Vysovky v. Glassman,* 2007 WL 3130562 (S.D.N.Y. Oct. 23, 2007) (retaining jurisdiction over plaintiffs' wage deduction claims even after dismissal of their FLSA claims). Plaintiffs' state law wage deduction claims are squarely within the Court's jurisdiction. *Id.*; *Achtman,* 464 F.3d at 335.

*4.    Both the NYLL and the FLSA Require Timely Payment.*

Plaintiffs allege Defendants failed to pay them promptly in violation of federal and state law.  *See, e.g.,* Doc. 35, at ¶¶ 37, 44, 51 & 75.  The FLSA requires prompt payment of wages.  *See Rogers v. City of Troy, NY*, 148 F.3d 52, 55 (2nd Cir. 1998); *U.S. v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir.1960) ("While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities....").  So does the New York Labor Law.  *See* NYLL § 191.  Therefore, contrary to Defendants' assertion, the "timing of wage payments" is relevant to Plaintiffs' state *and* federal claims.

As such, the facts relevant to Plaintiffs' federal claims (when, and how much, Defendants paid Plaintiffs) are also necessary to establish their state law claims.  That these claims arise from a common nucleus of operative facts is simply beyond cavil.  This Court has supplemental jurisdiction over Plaintiffs' state law claims.

**C.    The Court Should Exercise Supplemental Jurisdiction.**

*1.    Plaintiffs' State Law Claims Are Neither Novel Nor Complex.*

New York's federal courts have repeatedly rejected the contention that New York Labor Law claims – such as Plaintiffs' "spread of hours" claim - are so "novel" or "complex" as to warrant a decline of supplemental jurisdiction.  *See Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 94-95 (S.D.N.Y. 2001).  In fact, "spread of hours" claims are routinely litigated and adjudicated along with FLSA claims.[8]  So are claims for misappropriate of workers' tips[9]

---

[8]   *See, e.g., Gonzales v. Nicholas Zito Racing Stable, Inc.*, 2008 WL 941643, at *8-9 (E.D.N.Y. March 31, 2008) (Townes, J.); *Perez v. Jasper Trading, Inc.*, 2007 WL 4441062 (E.D.N.Y. Dec. 17, 2007)(Glasser, J.); *Almeida v. Aguinaga*, 500 F.Supp.2d 366, 369-370 (S.D.N.Y. 2007) (Stanton, J.); *Espinosa v. Delgado Travel Agency, Inc.*, 2007 WL 656271, at *1-2 (S.D.N.Y. March 2, 2007) (Scheindlin, J.); *Chan v. Sung Yue Tung Corp.*, 2007 WL 313483, at *21 (S.D.N.Y. Feb. 1, 2007) (Lynch, J.); *Franklin v. Breton Intern., Inc.*, 2006 WL 3591949, at *4 (S.D.N.Y. Dec. 11, 2006) (Cote, J.); *Smellie v. Mount Sinai Hosp.*, 2004 WL 2725124 (S.D.N.Y. Nov. 29, 2004).

and unlawful wage deductions.[10]  As set forth above, both the FLSA and the NYLL require prompt payment of wages *Rogers*, 148 F.3d at 55.  However, New York law – unlike the FLSA – sets a specific deadline for payment.  *See* NYLL § 191.  Therefore, if anything, prompt payment under the FLSA is more complex than under New York law.  Supplemental jurisdiction is appropriately exercised over Plaintiffs' state law claims.

        2.     *Plaintiffs' State Law Claims Will Not Predominate Over the FLSA Claims.*

"Predominance under Section 1367(c)(2) relates to the type of claim being brought rather than the size of the respective classes." *Iglesias-Mendoza*, 239 F.R.D. at 374; *Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 425 & n. 12 (D.C.Cir. 2006).  As such, a potential "disparity" in class size does not warrant the declining of supplemental jurisdiction. *Id.*, at *10.  While the nightclub – like other defendants – cites "a number of authorities from outside the Second Circuit in which courts have refused to certify state labor law classes in FLSA actions, courts in the Second Circuit routinely certify class actions in FLSA matters so that New York State and federal wage and hour claims are considered together." *Damassia*, -- F.R.D. --, 2008 WL 2201469, at *11 (S.D.N.Y. May 27, 2008).[11]

Indeed, efficiency demands such a result given that the state law claims: (1) often replicate the claims under the FLSA; and (2) require consideration of the same substantive facts.  For example, the nightclub offers a list of six records required to adjudicate Plaintiffs' state law claims.  *See* Doc. 26-2, p. 12.  However, *every one* of these records is also relevant to Plaintiffs'

---

[9]    *Duchene*, 244 F.R.D. at 202-04; *Lu v. Jing Fong Rest., Inc.*, 503 F.Supp.2d 706 (S.D.N.Y. 2007); *Chan*, 2004 WL 1161299, at *3

[10]    *Akwesi*, 2007 WL 4326732, at *5 (S.D.N.Y. Nov. 30, 2007);; *Vysovky,* 2007 WL 3130562 (S.D.N.Y. Oct. 23, 2007)

[11]    Defendants allude to the fact that the NYLL has a six year statute of limitations but the FLSA's own limitations period is three years.  In addition to the fact that New York courts have repeatedly rejected this distinction as grounds for declining supplemental jurisdiction, it is worth noting that The 40/40 Club has only been open for five years.

10

federal minimum wage and overtime claims. Again, Plaintiffs' minimum wage and overtime claims "will require, by necessity, evidence of the hours worked daily, thus establishing, for any day worked, the number of hours worked[.]" *See Lynch*, 2007 WL 3355506, at * 4 (S.D.N.Y. Nov. 8, 2007). Therefore, "records that indicate plaintiffs' daily hours and wages" are clearly relevant to their federal claims.

Further, Plaintiffs allege the nightclub violated the minimum wage and tip credit provisions of the FLSA by taking their tips and/or docking their wages. *See* Doc. 35, Second Amended Complaint. Therefore, "documents that show the amount of gratuities earned by each plaintiff;" "records that might demonstrate defendants' retention of those gratuities, including sales records and receipts;" "defendants' policies and procedures concerning gratuities;" "transaction records;" and "other documents that may indicate deductions from plaintiffs' wages" are relevant to Plaintiffs' FLSA *and* NYLL claims. In fact, the FLSA *requires* the nightclub to keep virtually all of these records. *See* 29 C.F.R. § 516.2(a) & 29 C.F.R. § 516.28.[12]

       3.    "Inherent Incompatibility" Is An "Imaginary Legal Doctrine."

Defendants argue the FLSA opt-in collective action process is "inherently incompatible" with a Rule 23 class action for state law wage claims. The D.C. Circuit is the only one federal court of appeals to have addressed the issue. *See Lindsay v. GEICO*, 448 F.3d 416, 424-25 (D.C.Cir. 2006). The *Lindsay* Court held Congress' inclusion of an opt-in provision in the FLSA did not mean Congress intended to require opting-in for the entire litigation. *Id.*, at 422. The Court noted that "[w]hile there is unquestionably a difference-indeed, an opposite requirement-between opt-in and opt-out procedures, we doubt that a mere procedural difference can curtail section 1367's jurisdictional sweep." *Id.*, at 424.

---

[12] As a necessary corollary, if Defendants failed to keep these records, Plaintiffs will require witness testimony to support both their state and federal claims.

The courts of the Second Circuit are even more direct: "There is no legal doctrine …that permits the Court to dismiss a cause of action solely on the grounds that it is 'inherently incompatible' with another action before it." *Westerfield*, 2007 WL 2162989, at *2 (E.D.N.Y. July 26, 2007). Courts in this district routinely reject this argument. *See, e.g., Damassia*, -- F.R.D. --, 2008 WL 2201469, at *10 (S.D.N.Y. May 27, 2008); *see also Brickney v. Dolencorp, Inc.*, 244 F.R.D. 176, 179 (W.D.N.Y. 2007) ("the discrepancies between the Rule 23 and FLSA opt in/opt-out procedures do not present 'compelling reasons' to decline jurisdiction"). Defendants' "theory of inherent incompatibility [is] … an imaginary legal doctrine." *Westerfield*, at * 2.

Of course, if the state law claims are dismissed, "[p]laintiffs are free to pursue their state law claims, including potential class claims, in the state courts." *De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc.*, 338 F.Supp.2d 649, 653 (E.D.N.C. 2004); *see also, Neary v. Metropolitan Prop. & Cas. Ins. Co.*, 472 F.Supp.2d 247, 253 (D.Conn. Feb. 8, 2007). A "successful" motion to dismiss would, therefore, create two lawsuits out of one with the attendant possibility for, *inter alia*, "overlapping, uncoordinated discovery; differing rulings by multiple courts with respect to discovery, relevance and privilege; differing and conflicting rulings on issues of both procedure and substance; collateral estoppel issues with respect to interlocutory rulings[.]" *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 96 (S.D.N.Y. 2001). Because "Congress enacted Section 1367 to avoid such problems," the Court should exercise supplemental jurisdiction over Plaintiffs' state law claims. *Id.*

> 4. *Given the Overlap in the Substance of Plaintiffs' State and Federal Claims, There is Little Danger of Jury Confusion.*

Finally, Defendants argue that the "possibility" of "jury confusion" is a "compelling reason" for declining supplemental jurisdiction. However, Defendants offer little support for this argument beyond a claim that more people may be in the Rule 23 class than in the FLSA class, and that some subclasses might be necessary. Defendants' argument should be rejected.

First, any decisions about who will be in what class will be decided by the Court well in advance of trial. Second, "as in many such cases, state and federal claims [in this case] are similar and arise from the same operative facts." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 95 (S.D.N.Y. 2001). "There is no reason why competent counsel … [would] lack the ability to present the issues to the jury cogently and understandably, or why federal jurors will not be able to understand the issues that will be presented to them." *Id.*

## IV. CONCLUSION.

For these reasons, Defendants' motion to dismiss under Rule 12(b)(6) should be denied.

Dated: July 9, 2008

Respectfully submitted for all Plaintiffs' counsel,

**BRUCKNER BURCH PLLC**

    **/s/ Rex Burch**
By: _____
    Richard J. (Rex) Burch
    *Admitted Pro Hac Vice*
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: 713-877-8788
Facsimile: 713-877-8065

*Attorneys for Plaintiffs, proposed collective action members and proposed class*