LITTLER MENDELSON, P.C.
  Andrew P. Marks (AM-0361)
  Sara D. Sheinkin (SS-9719)
885 Third Avenue, 16th Floor
New York, New York  10022.4834
Tel:  212.583.9600
Fax:  212.832.2719
  Attorneys for Defendants Twenty Ones, Inc. and Desiree Gonzales

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Celeste Williams, *et al.*, on behalf of themselves and others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>Twenty Ones, Inc., d/b/a The 40/40 Club, Shawn Carter p/k/a Jay-Z, Juan Perez and Desiree Gonzales,<br><br>　　　　　　　　　　Defendants. | Case No. 07 CIV. 3978 (LAP)<br><br><br>DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT |

Twenty Ones, Inc. d/b/a The 40/40 Club and Desiree Gonzales (hereafter "Defendants"), by their attorneys, Littler Mendelson, P.C., for an answer to Plaintiffs' Second Amended Complaint ("Complaint"), respond as follows:

　　　1.　　Paragraph 1 of the Complaint does not contain any allegations of fact that can be admitted or denied.

**JURISDICTION AND VENUE**

　　　2.　　The allegations in paragraph 2 of the Complaint are allegations of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

　　　3.　　The allegations in paragraph 3 of the Complaint are allegations of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## PARTIES

4. Admit the allegations in paragraph 4 of the Complaint.

5. To the extent the allegations in paragraph 5 of the Complaint are allegations of law, no response is required. Defendants deny the remaining allegations in paragraph 5 of the Complaint, except admit that Shawn Carter has an ownership interest in The 40/40 Club.

6. To the extent the allegations in paragraph 6 of the Complaint are allegations of law, no response is required. Defendants deny the remaining allegations in paragraph 6 of the Complaint, except admit that Juan Perez has an ownership interest in The 40/40 Club.

7. To the extent the allegations in paragraph 7 of the Complaint are allegations of law, no response is required. Defendants admit the remaining allegations in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint does not contain any allegations of fact that can be admitted or denied.

9. Deny the allegations in paragraph 9 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Williams's residence, and admit that Williams worked for The 40/40 Club as a server within the last three years.

10. Deny the allegations in paragraph 10 of the Complaint, including that O'Neale is a plaintiff in this action, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning O'Neale's residence, and admit that O'Neale worked for The 40/40 Club as a server within the last three years.

11. Deny the allegations in paragraph 11 of the Complaint, including that Cruz is a plaintiff in this action, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Cruz's residence, and admit that Cruz worked for The 40/40 Club as a server within the last three years.

12. Deny the allegations in paragraph 12 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Aponte's residence, and admit that Aponte worked for The 40/40 Club within the last three years.

13. Deny the allegations in paragraph 13 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Sturman's residence, and admit that Struman worked for The 40/40 Club as a bartender within the last three years.

14. Deny the allegations in paragraph 14 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Hall's residence, and admit that Hall worked for The 40/40 Club as a server within the last three years.

15. Deny the allegations in paragraph 15 of the Complaint, including that Mitchell is a plaintiff in this action, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Mitchell's residence, and admit that Mitchell worked for The 40/40 Club as an office worker and server.

16. Deny the allegations in paragraph 16 of the Complaint, including that Borberly is a plaintiff in this action, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Borberly's residence, and admit that Borberly worked for The 40/40 Club as a bartender within the last three years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Admit that Plaintiffs purport to bring this action as a collective action pursuant to the FLSA on behalf of all non-exempt persons employed by Defendants in any hourly position, but deny any basis therefore.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint, except admit that notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20. Admit that Plaintiffs purport to bring claims for relief pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all non-exempt persons employed by Defendants in any hourly position, but deny any basis therefore.

21. Deny the allegations in paragraph 21 of the Complaint, except admit that the identity, hours worked, positions held and rates of pay for each potential Class member may be determinable from The 40/40 Club's records.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint as they relate to the Defendants, deny that class actions provide class members anonymity, and deny knowledge and

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

## FACTS

28. Deny the allegations in paragraph 28 of the Complaint.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Deny the allegations in paragraph 30 of the Complaint, except admit that Plaintiffs worked for The 40/40 Club as servers, office workers and/or bartenders.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Deny the allegations in paragraph 38 of the Complaint.

39. Deny the allegations in paragraph 39 of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations)

42. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

43. The allegations in paragraph 43 of the Complaint are allegations of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

44. Deny the allegations in paragraph 44 of the Complaint.

45. Deny the allegations in paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Admit that Plaintiffs seek the damages as stated in paragraph 47 of the Complaint, but deny Plaintiffs' entitlement thereto.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

48. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

49. Deny the allegations in paragraph 49 of the Complaint, except admit that The 40/40 Club was required to pay overtime wages to nonexempt employees who worked over forty hours in a work week.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny the allegations in paragraph 51 of the Complaint.

52. Admit that Plaintiffs seek the damages as stated in paragraph 52 of the Complaint, but deny Plaintiffs' entitlement thereto.

### THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Act & Record-Keeping Requirements)

53. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

54. Deny the allegations in paragraph 54 of the Complaint.

55. Deny the allegations in paragraph 55 of the Complaint.

56. Deny the allegations in paragraph 56 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act)

57. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

58. The allegations in paragraph 58 of the Complaint are allegations of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. Deny the allegations in paragraph 59 of the Complaint.

60. Deny the allegations in paragraph 60 of the Complaint.

### FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions)

61. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

62. Deny the allegations in paragraph 62 of the Complaint.

63. The allegations in paragraph 63 of the Complaint are allegations of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

64. Deny the allegations in paragraph 64 of the Complaint.

65. Deny the allegations in paragraph 65 of the Complaint.

## SIXTH CLAIM FOR RELIEF
### (Illegal Pay Deductions & Deductions from Gratuities)

66. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

67. Deny the allegations in paragraph 67 of the Complaint.

68. Deny the allegations in paragraph 68 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
### (Illegal Pay Deductions)

69. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

70. Deny the allegations in paragraph 70 of the Complaint.

71. Deny the allegations in paragraph 71 of the Complaint.

72. Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

## EIGHTH CLAIM FOR RELIEF
### (New York Timely Payment of Wages Provisions)

73. Defendants reallege and incorporate by reference their answers to all previous paragraphs.

74. The allegations in paragraph 74 of the Complaint are allegations of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

75. Deny the allegations in paragraph 75 of the Complaint.

76. Deny the allegations in paragraph 76 of the Complaint.

Deny that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, or to any relief at all, from Defendants.

## AS AND FOR A FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

## AS AND FOR A THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FOURTH DEFENSE

The Court lacks supplemental jurisdiction over Plaintiffs' state law claims.

## AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of state or Federal law.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the Fair Labor Standards Act or a class action pursuant to Federal Rule of Civil Procedure 23.

## AS AND FOR A SEVENTH DEFENSE

The Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

## AS AND FOR AN EIGHTH DEFENSE

The claims of plaintiffs O'Neal, Cruz, Mitchell, Borberly, and other putative class members are barred because such individuals have released claims they may have against Defendants and have acknowledged under oath that they have been fully and properly compensated by The 40/40 Club.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Date:  New York, New York
       September 4, 2008

                                            Respectfully submitted,

                                            LITTLER MENDELSON
                                            A Professional Corporation

                                            By:   /s Sara D. Sheinkin
                                                Andrew P. Marks (AM-0361)
                                                Sara D. Sheinkin (SS-9719)
                                                885 Third Avenue, 16th Floor
                                                New York, New York 10022.4834

                                                Attorneys for Defendants Twenty Ones, Inc.
                                                and Desiree Gonzales