Michael J. DiMattia (MD-0473)
Philip A. Goldstein (PAG-0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants Shawn Carter p/k/a Jay-Z and Juan Perez

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

| | |
|---|---|
| | : **ECF Case** |
| | : |
| CELESTE WILLIAMS, LAUREN CRUZ, | : Case No. 07 CV 3978 (LAP) |
| EMANUEL O'NEALE, BRANDON | : |
| STURMAN, LATRESHA HALL, | : **DEFENDANTS' SHAWN** |
| LAKEISHA MITCHELL, CHRISTINE | : **CARTER p/k/a JAY-Z AND** |
| BORBELY, and JANINE APONTE | : **JUAN PEREZ'S ANSWER** |
| on behalf of themselves and others | : **TO PLAINTIFFS' SECOND** |
| similarly situated, | : **AMENDED COMPLAINT** |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| TWENTY ONES, INC., d/b/a THE 40/40 | : |
| CLUB, SHAWN CARTER p/k/a JAY-Z, | : |
| JUAN PEREZ and DESIREE GONZALES, | : |
| | : |
| Defendants. | : |

-----------------------------------------------------------------------X

Defendants Shawn Carter p/k/a Jay-Z and Juan Perez ("Defendants") by and through

their attorneys McGuireWoods LLP, answer the Second Amended Complaint ("Complaint") as

follows:

    1.      Paragraph 1 of the Complaint does not contain any allegations of fact that can be

admitted or denied.  To the extent that Paragraph 1 contains any allegations, Defendants deny

each and every allegation contained in Paragraph 1 of the Complaint.

\6539942.1

## AS TO JURISDICTION AND VENUE

2.      Deny each and every allegation contained in Paragraph 2 of the Complaint, except admit that Plaintiffs purport to base jurisdiction on the statutes cited therein.

3.      Deny each and every allegation contained in Paragraph 3 of the Complaint, except admit that Plaintiffs purport to base venue on the statutes and reasons cited therein.

## AS TO PARTIES

4.      Admit the allegations in paragraph 4 of the Complaint.

5.      The statements contained in paragraph 5 of the Complaint purport to be a statement of law to which no response is required.  To the extent the allegations in paragraph 5 of the Complaint require a response, Defendants deny each and every allegation in paragraph 5 of the Complaint, except admit that Shawn Carter has an ownership interest in The 40/40 Club.

6.      The statements contained in paragraph 6 of the Complaint purport to be a statement of law to which no response is required.  To the extent the allegations in paragraph 6 of the Complaint require a response, Defendants deny each and every allegation in paragraph 6 of the Complaint, except admit that Juan Perez has an ownership interest in The 40/40 Club.

7.      The statements contained in paragraph 7 of the Complaint purport to be a statement of law to which no response is required.  To the extent the allegations in paragraph 7 of the Complaint require a response, Defendants admit the remaining allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint does not contain any allegations of fact that can be admitted or denied.  To the extent that Paragraph 8 contains any allegations, Defendants deny each and every allegation contained in the Paragraph 8 of the Complaint.

2

\6539942.1

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, except state that upon information and belief, Plaintiff O'Neale has released all claims against Defendants and has acknowledged under oath that he has been fully and properly compensated by The 40/40 Club.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, except state that upon information and belief, Plaintiff Cruz has released all claims against Defendants and has acknowledged under oath that she has been fully and properly compensated by The 40/40 Club.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, except state that upon information and belief, Plaintiff Mitchell has released all claims against Defendants and has acknowledged under oath that she has been fully and properly compensated by The 40/40 Club.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, except state that upon information and

\6539942.1

belief, Plaintiff Borbely has released all claims against Defendants and has acknowledged under oath that she has been fully and properly compensated by The 40/40 Club.

## AS TO FLSA COLLECTIVE ACTION ALLEGATIONS

17.    Deny each and every allegation in paragraph 17 of the Complaint, except admit that Plaintiffs purport to bring this action as a collective action pursuant to the FLSA but deny any basis therefore.

18.    Deny each and every allegation in paragraph 18 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint as they relate to the other defendants.

19.    Deny each and every allegation in paragraph 19 of the Complaint, except admit that notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to the other defendants.

## AS TO RULE 23 CLASS ALLEGATIONS – NEW YORK

20.    Deny each and every allegation in paragraph 20 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint as they relate to the other defendants.

21.    Deny each and every allegation in paragraph 21 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether the identity, hours worked, positions held and rates of pay for each potential Class member may be determined from the other defendants' records.

22.    Deny each and every allegation in paragraph 22 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

4

\6539942.1

paragraph 22 of the Complaint as they relate to the other defendants.

23.     Deny each and every allegation in paragraph 23 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint as they relate to the other defendants.

24.     Deny each and every allegation in paragraph 24 of the Complaint.

25.     Deny each and every allegation in paragraph 25 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint as they relate to the other defendants.

26.     Deny each and every allegation in paragraph 26 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint as they relate to the other defendants.

27.     Deny each and every allegation in paragraph 27 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint as they relate to the other defendants.

## AS TO FACTS

28.     Deny each and every allegation in paragraph 28 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint as they relate to the other defendants.

29.     Deny each and every allegation in paragraph 29 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint as they relate to the other defendants.

5

\6539942.1

30.    Deny each and every allegation in paragraph 30 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint as they relate to the other defendants.

31.    Deny each and every allegation in paragraph 31 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint as they relate to the other defendants.

32.    Deny each and every allegation in paragraph 32 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint as they relate to the other defendants.

33.    Deny each and every allegation in paragraph 33 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint as they relate to the other defendants.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.    Deny each and every allegation in paragraph 36 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint as they relate to the other defendants.

37.    Deny each and every allegation in paragraph 37 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint as they relate to the other defendants.

6

38.    Deny each and every allegation in paragraph 38 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint as they relate to the other defendants.

39.    Deny each and every allegation in paragraph 39 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint as they relate to the other defendants.

40.    Deny each and every allegation in paragraph 40 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint as they relate to the other defendants.

41.    Deny each and every allegation in paragraph 41 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint as they relate to the other defendants.

## AS TO FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations)

42.    Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.    The statements contained in paragraph 43 of the Complaint purport to be a statement of law to which no response is required.   To the extent a response is required, Defendants deny each and every allegation in paragraph 43 of the Complaint.

44.    Deny each and every allegation in paragraph 44 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint as they relate to the other defendants.

7

45.     Deny each and every allegation in paragraph 45 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint as they relate to the other defendants.

46.     Deny each and every allegation in paragraph 46 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint as they relate to the other defendants.

47.     Admit that Plaintiffs seek the damages as stated in paragraph 47 of the Complaint, but deny Plaintiffs' entitlement thereto.

## AS TO SECOND CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

48.     Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.     Deny each and every allegation in paragraph 49 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint as they relate to the other defendants.

50.     Deny each and every allegation in paragraph 50 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint as they relate to the other defendants.

51.     Deny each and every allegation in paragraph 51 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint as they relate to the other defendants.

8

\6539942.1

52.    Admit that Plaintiffs seek the damages as stated in paragraph 52 of the Complaint, but deny Plaintiffs' entitlement thereto.

## AS TO THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Act & Record-Keeping Requirements)

53.    Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.    Deny each and every allegation in paragraph 54 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint as they relate to the other defendants.

55.    Deny each and every allegation in paragraph 55 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint as they relate to the other defendants.

56.    Deny each and every allegation in paragraph 56 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint as they relate to the other defendants.

## AS TO FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act)

57.    Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58.    The statements contained in paragraph 58 of the Complaint purport to be a statement of law to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 58 of the Complaint.

59.    Deny each and every allegation in paragraph 59 of the Complaint, except deny

9

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint as they relate to the other defendants.

60.    Deny each and every allegation in paragraph 60 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint as they relate to the other defendants.

## AS TO FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions)

61.    Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.    The statements contained in paragraph 63 of the Complaint purport to be a statement of law to which no response is required.   To the extent a response is required, Defendants deny each and every allegation in paragraph 63 of the Complaint.

64.    Deny each and every allegation in paragraph 64 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint as they relate to the other defendants.

65.    Deny each and every allegation in paragraph 65 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint as they relate to the other defendants.

## AS TO SIXTH CLAIM FOR RELIEF
### (Illegal Pay Deductions & Deductions from Gratuities)

66.    Repeat and reallege each and every response to the allegations contained in

10

\6539942.1

Paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67.    Deny each and every allegation in paragraph 67 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint as they relate to the other defendants.

68.    Deny each and every allegation in paragraph 68 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint as they relate to the other defendants.

## AS TO SEVENTH CLAIM FOR RELIEF
### (Illegal Pay Deductions)

69.    Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 68 of the Complaint as if fully set forth herein.

70.    Deny each and every allegation in paragraph 70 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint as they relate to the other defendants.

71.    Deny each and every allegation in paragraph 71 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint as they relate to the other defendants.

72.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

## AS TO EIGHTH CLAIM FOR RELIEF
### (New York Timely Payment of Wages Provisions)

73.    Repeat and reallege each and every response to the allegations contained in Paragraphs 1 through 72 of the Complaint as if fully set forth herein.

11

\6539942.1

74.     The statements contained in paragraph 74 of the Complaint purport to be a statement of law to which no response is required.   To the extent a response is required, Defendants deny each and every allegation in paragraph 74 of the Complaint.

75.     Deny each and every allegation in paragraph 75 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint as they relate to the other defendants.

76.     Deny each and every allegation in paragraph 76 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint as they relate to the other defendants.

77.     Deny the allegations set forth in the paragraph with the heading "Prayer for Relief".   Defendants further deny that Plaintiffs are entitled to any of the relief requested in the paragraph with the heading "Prayer for Relief" or to any relief at all, from Defendants.

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification and/or unclean hands.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

The Court lacks supplemental jurisdiction over Plaintiffs' state law claims.

\6539942.1

**FIFTH DEFENSE**

The relief sought by Plaintiffs is barred, in whole or in part, because, at all relevant times, Defendants acted in good faith with respect to Plaintiffs and had reasonable grounds to believe that their conduct did not violate any applicable law.

**SIXTH DEFENSE**

Plaintiffs have not satisfied and cannot satisfy the requirements for certification of any type of class under the FLSA, Rule 23 of the Federal Rules of Civil Procedure and/or state law, whichever may be applicable, and this action may not be properly maintained as any type of class action, collective action, or representative action because:

i. Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements and requirements for treatment as such an action, and such treatment is neither appropriate nor constitutional; and/or

ii. such an action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; and/or

iii. common issues of fact or law which are of legal significance do not predominate, any common facts or law are insignificant compared to the individual facts and issues particular to Plaintiffs and the putative class members they purport to represent, and/or individual issues predominate which will require a detailed, fact-specific and individualized inquiry that must be decided employee-by-employee for each and every work day and/or work week; and/or

iv. Plaintiffs are not similarly situated to any of the putative class members they purport to represent and their claims are not representative or typical of those of such putative class members; and/or

v. Plaintiffs are not proper class representatives or representative plaintiffs; and/or

vi. the named Plaintiffs and alleged putative class counsel are not adequate

13

representatives for any alleged putative classes because they are not able to fairly and adequately represent and protect the interests of all of the putative class members they purport to represent; and/or

vii. there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the putative class members they purport to represent; and/or

viii. any alleged putative classes are not ascertainable, nor are their members identifiable; and/or

ix. to the extent any alleged putative classes are ascertainable and their members are identifiable, the number of putative class members is too small to meet the numerosity requirement or is not so large that joinder of the individual members would not be impractical; and/or

x. a far speedier administrative remedy before state and/or federal administrative agencies is available to Plaintiffs and the putative class members they purport to represent, and, therefore, treatment as a class action, collective action or representative action is not the superior method for resolving the alleged claims.

## SEVENTH DEFENSE

The Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

## EIGHTH DEFENSE

The claims of plaintiffs O'Neal, Cruz, Mitchell, Borbely, and other putative class members are barred because such individuals have released claims they may have against Defendants and have acknowledged under oath that they have been fully and properly compensated by The 40/40 Club.

## NINTH DEFENSE

Plaintiffs' claims are barred by the parol evidence rule.

\6539942.1

**TENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because they have failed to satisfy the applicable statutory prerequisites for their purported claims.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because of their failure to mitigate their damages.

**TWELFTH DEFENSE**

The relief sought by Plaintiffs is barred, in whole or in part, by the fact that they were paid all compensation and benefits to which they were lawfully entitled and to which they voluntarily agreed and expected.

**THIRTEENTH DEFENSE**

Plaintiffs have failed to state a claim because any alleged deductions were authorized by the employees and were for the benefit of the employees.

**FOURTEENTH DEFENSE**

Defendants reserve the right to assert that some or all of Plaintiffs' claims and/or their demands for relief are barred or are otherwise not actionable because of the after acquired evidence doctrine and conduct of Plaintiffs if the facts reveal this to be the case upon completion of discovery.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants have fully complied with any notification requirements under federal, state and local law.

**SIXTEENTH DEFENSE**

Defendants are not proper parties under federal or state law.

\6539942.1

## SEVENTEENTH DEFENSE

If Plaintiffs and the putative class members they purport to represent suffered any harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages was proximately caused by the acts of third parties that are not affiliated in any way with these answering Defendants.

## EIGHTEENTH DEFENSE

Defendants are not employers within the meaning of the FLSA and/or the New York State Labor Law.

## NINETEENTH DEFENSE

Plaintiffs' Complaint and each and every purported claim alleged therein, individually and on behalf of the putative class members they purport to represent, are barred based on one or more accords and satisfactions.

## TWENTIETH DEFENSE

These answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have or may have additional, yet unstated defenses. These answering Defendants reserve the right to assert additional defenses in the event their investigation or discovery indicates that additional defenses are appropriate.

\6539942.1

WHEREFORE, Defendants demand judgment as follows:

a)    Enter judgment dismissing the Complaint in its entirety with prejudice;

b)    Granting Defendants the costs and disbursements incurred in connection

with this action, including attorneys' fees; and

c)    For such other and further relief as this Court deems just and proper.

Date:   New York, New York
        September 10, 2008

                    McGUIREWOODS LLP


        By: _____

                    Michael J. DiMattia (MD-0473)
                    Philip A. Goldstein (PAG-0908)
                    McGuireWoods LLP
                    1345 Avenue of the Americas, 7th Floor
                    New York, New York 10105-0106
                    Counsel for Defendants Shawn Carter p/k/a Jay-Z
                    and Juan Perez

17

\6539942.1

## CERTIFICATE OF SERVICE

This is to certify that I have caused a true and correct copy of the following:

Answer

to be served upon plaintiffs and defendants by CM/ECF and by depositing same via United States Postal Service, first class mail, postage prepaid to:

Andrew Paul Marks
Sara Danielle Sheinkin
Littler Mendelson, P.C.
885 Third Avenue, 16th Floor
New York, NY 10022
Attorneys for Defendants

Charles Edward Joseph
D. Maimon Kirschenbaum
Joseph and Herzfeld, LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Attorneys for Plaintiffs

-and-

Richard Jennings Burch, Esq.
Bruckner Burch PLLC
1415 Louisiana Street, Suite 2125
Houston, Texas 77002

Dated: New York, New York
September 10, 2008

Philip A. Goldstein

\6557895.1